STEWART, J.,
concurring in part and dissenting in part.
_jjWhile I agree with the majority in affirming the dismissal of the plaintiffs’ claims regarding the Bienville Parish Sale, I would also affirm the trial court’s ruling that the plaintiffs’ claims as to the other three transactions have prescribed. As such, I respectfully dissent from the majority’s reversal of the trial court’s ruling on the following claims.
As to the claims regarding the Waller Subdivision Sale, I agree with the trial court that the plaintiffs did not amend their petition regarding this transaction and that they did not plead fraud with particularity. Under the applicable one-year prescriptive period for lesion beyond moiety, this claim has prescribed.
The trial court’s ruling that the plaintiffs’ claims regarding the Claiborne Timber Sale and the Benton Road Sale are prescribed was based on findings of fact and credibility determinations made after an evidentiary hearing, on the exceptions. When evidence is introduced to support or controvert objections pleaded, the trial court is not authorized to accept the allegations of the plaintiffs petition as true. Bailey v. Haynes, 37,038 (La.App.2d Cir.4/9/03), 843 So.2d 584, writ denied, 2003-1209 (La.10/10/03), 856 So.2d 1207. The manifest error standard applies on appellate review of an evidentiary hearing on an exception of prescription. Id. See footnote 7 in Cichirillo v. Avondale Industries, Inc., 2004-2894, p. 5 (La.11/29/05), 917 So.2d 424, 428 and cases cited therein. Because the trial court has the opportunity to observe the witnesses as they testify, findings of fact based on credibility determinations are to be afforded great 12deference on appellate review. Foley v. Entergy Louisiana, Inc., 2006-0983 (La.11/29/06), 946 So.2d 144; Rosell v. ESCO, 549 So.2d 840 (La.1989).
The trial court found that the plaintiffs’ witnesses, Amber Rollins and Larry L. Taylor, lacked credibility in testifying that no notary was present when Mrs. Sanders signed the Claiborne Timber Sale deed and no property description was attached to it. Additionally, the trial court found that the notary appeared truthful in testifying that she was present when the deed was signed and that the property description was attached. At the second oral argument before this court, the plaintiffs conceded that the deed was properly con-fected and that the property description was attached. Thus, the trial court’s findings of fact were shown to be correct in this regard.
The trial court also -found that Mrs. Sanders knew she was selling a substantial piece of property to a company interested in it for timber, that she did not believe the property was producing income, and *449 she did not want it to be a financial burden to herself or the LLC. Most importantly, the trial court found that Mrs. Sanders understood her role in the LLC and retained the intellectual capacity in 2005, around the time of the Benton Road Sale, to orchestrate the transfer of a piece of property out of the LLC and into her own name and then to execute a mineral lease on the property without the help of her children. Unlike the majority’s apparent finding, the trial court did not find that the evidence showed Mrs. Sanders to be lacking in business competency and dependent on her son Colton in a “relation of confidence” for business matters at the time of the transactions at issue.
| ¡¡Finally, the trial court found no evidence supporting the allegation that the defendants knew of the Wemple Road extension when the option for the Benton Road Property was obtained from Mrs. Sanders.
The trial court’s findings of fact go the heart of the plaintiffs’ efforts to assert fraud and breach of fiduciary duty claims regarding the Claiborne Timber Sale and the Benton Road Sale. The testimony presented at the evidentiary hearing largely controverted the allegations of the petition. I believe that the majority, rather than reviewing this record for manifest error, has instead imposed its own interpretation to find that the plaintiffs have pled fraud with sufficient particularity to survive the prescriptive challenge.
APPLICATION FOR REHEARING
Before STEWART, CARAWAY, DREW, LOLLEY and SEXTON, JJ.
Rehearing denied.
STEWART, J., would grant rehearing.