PETERS, J.
| tIn this medical malpractice case, the plaintiffs, Patricia Ann Wherland and Fred Wherland, appeal the trial court’s order granting an exception of prescription to the defendant, Dr. Carl A. Fastabend, and dismissing their claims against the doctor. For the following reasons, we affirm the trial court’s judgment in all respects.
DISCUSSION OF THE RECORD
Fred Wherland and Patricia Ann Wher-land are husband and wife. The petition filed against Dr. Fastabend establishes that Mrs. Wherland was injured in an automobile accident in the summer of 1996, and sometime thereafter she began treatment with Dr. Fastabend for the injuries sustained in the accident. The doctor prescribed Xanax for her anxiety associated with the accident and, during his treatment of Ms. Wherland through November of 2004, continued to prescribe Xanax. When Ms. Wherland last saw Dr. Fasta-bend in November of 2004, he refused to increase her prescription dosage. In January of 2005 she visited another physician but, because his treatment did not seem to be helping, she attempted to return to Dr. Fastabend in February of 2005. At that time, she was informed by Dr. Fastabend’s office representative that he would no *239 longer see her and would no longer prescribe any Xanax to her.
While the plaintiffs’ petition does not reference the date they submitted their claims to a medical review panel pursuant to the Louisiana Medical Malpractice Act, La.R.S. 40:1299.41-40:1299.49, we know from the briefs filed by both sides that it was submitted January 6, 2006. Additionally, the exception of prescription filed by Dr. Fastabend, as well as the briefs filed by the parties, establish that the panel returned its opinion in Dr. Fastabend’s favor on April 22, 2008, and that the plaintiffs received the opinion on April 25, 2008. The plaintiffs then filed suit against Dr. Fastabend on April 22, 2009.
12Pr. Fastabend responded to the suit by filing an exception of prescription pursuant to La.R.S. 9:5628. The litigants agreed to submit the matter on the record and briefs, and the trial court granted the exception of prescription. In their sole assignment of error, the plaintiffs assert that the trial court erred in granting the exception of prescription.
OPINION
Louisiana Code of Civil Procedure Article 931 provides that evidence may be introduced to establish or defeat an exception of prescription. In this case, the litigants submitted the prescription issue to the trial court on briefs and introduced no evidence to support their positions, although they did agree on the dates associated with the medical review panel submission.[1] In the absence of evidence, the trial court must decide an exception of prescription based upon the facts alleged in the petition, accepting all allegations as true. Cichirillo v. Avondale Industries, Inc., 04-2894 (La.11/29/05), 917 So.2d 424.
Prescription in a medical malpractice ease is governed by La.R.S. 9:5628. That statute provides in pertinent part that “[n]o action for damages for injury or death against any physician ... arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect.” La.R.S. 9:5628(A). Additionally, “in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.” Id.
The Louisiana Medical Malpractice Act requires that all claims against qualified health care providers be instituted by filing a request for review with the Division of Administration. La.R.S. 40:1299.47. During the pendency of the review, prescription is suspended, and that suspension lasts until 90 days after the claimant or |sher attorney is notified of the medical review panel’s opinion by certified mail. La.R.S. 40:1299.47(A)(2)(a). “The period of suspension is not counted toward accrual of prescription. Prescription commences to run again upon the termination of the period of suspension.” La.Civ.Code art. 3472. This contrasts with the interruption of prescription, the effect of which is to commence prescription “to run anew from the last day of interruption.” La.Civ. Code art. 3466.
In considering the appeal before us, we must first determine who had the burden of proof on this exception. “Ordinarily, the exceptor bears the burden of *240 proof at the trial of the peremptory exception. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed.” Carter v. Haygood, 04-646, pp. 8-9 (La.1/19/05), 892 So.2d 1261, 1267 (citations omitted).
The plaintiffs’ petition establishes a filing date of April 22, 2009. For the purpose of this exception, we accept as true the allegations of the petition that Mrs. Wherland last saw Dr. Fastabend in November of 2004 and that her last contact with his office was in February of 2005. Additionally, for the purpose of this analysis, we accept as true the agreed-upon dates associated with the medical review panel.
Because their suit was filed more than four years from the last time Mrs. Wher-land had contact with Dr. Fastabend’s office, it is evident that the plaintiffs’ claims have prescribed on the face of the petition. La.R.S. 9:5628. Thus, the burden shifted to the plaintiffs to show that their claims had not prescribed. To that end, the agreed-upon dates found in the litigants’ briefs establish that the plaintiffs timely requested a medical review panel pursuant to La.R.S. 40:1299.41 and that the ninety-day suspensive period provided for in La. R.S. 40:1299.47(A)(2)(a) began to run on April 25, 2008. Thus, prescription on their claims began to run again on July 25, 2008.
Assuming Mrs. Wherland last, contacted Dr. Fastabend’s office on February 28, 2005, by the time the plaintiffs requested the medical review panel, 312 days had |4lapsed for prescription purposes. Thus, they had only fifty-three days remaining to file suit when prescription began to run again on July 25, 2008. The April 22, 2009 filing was clearly in excess of the fifty-three day limit.
The plaintiffs argue in brief that they did not discover their claims for damages until sometime between Mrs. Wherland’s last contact with Dr. Fastabend’s office in February of 2005 and January 6, 2006, when they submitted their claims to a medical review panel. They assert that under the doctrine of contra non valentem, which is codified in La.R.S. 9:5628, prescription did not begin to run until they discovered Dr. Fastabend’s act, omission, or neglect. However, in making this argument, the plaintiffs ignore the fact that their claim has prescribed on the face of their petition, that the burden shifted to them to establish a date of discovery such that the doctrine can be evaluated, and that the record includes no evidence of a date of discovery. We find no merit in this argument.
Finally, as an alternate argument, the plaintiffs assert that prescription was interrupted when the matter was submitted to the medical review panel and that it began to run anew ninety days after receipt of the panel’s decision. We have already addressed the fact that, pursuant to La.R.S. 40:1299.47(A)(2)(a), prescription was suspended during the pendency of the analysis of the claim by the medical review panel and, as provided by La.Civ.Code art. 3472, began to run again when the suspension was terminated. We find no merit in this argument.
DISPOSITION
For the foregoing reasons, we affirm the trial court’s grant of Dr. Carl P. Fasta-bend’s exception of prescription and dismissal of the plaintiffs’ claims. We assess all costs of this appeal against Fred Wher-land and Patricia Ann Wherland.
AFFIRMED.
GREMILLION, J., dissents and assigns written reasons.

. Dr. Fastabend's April 26, 2010 brief addressing his argument on the exception of prescription lists five exhibits that he “would offer and introduce [as] evidentiary exhibits,” none of those documents were attached to the brief or introduced into evidence at the hearing.