STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 0839

DANIELLE ANN RAY, INDIVIDUALY AND ON BEHALF OF HER
MINOR CHILD, HUNTER WAYNE GARNER

VERSUS

LYNX PRODUCTION SERVICES, INC.

*CONSOLIDATED WITH*

NO. 2023 CA 0840

BRITTINI GARNER AND ANGELA SHARPE ON BEHALF OF THE
MINOR CHILD, BRIANNE GARNER

VERSUS

SPECIALTY BOAT RENTALS, LLC, SCULLY'S ALUMINUM BOATS,
INC., SCULLY'S ALUMINUM CRAFTS, INC., GULF COAST
CHEMICAL, LLC, AND AMERICAN INTERSTATE INSURANCE CO.

*CONSOLIDATED WITH*

NO. 2023 CA 0841

DANIELLE ANN RAY, INDIVIDUALLY AND OBO HER MINOR CHILD,
HUNTER WAYNE GARNER

VERSUS

SPECIALTY BOAT RENTALS, LLC, SCULLY ALUMINUM BOATS, INC.
SCULLY ALUMINIMUM CRAFTS, INC. AND GULF COAST
CHEMICAL, LLC

*Judgment Rendered:* **FEB 2 3 2024**

* * * * * * * *
Appealed from the
32nd Judicial District Court
In and for the Parish of Terrebonne
State of Louisiana
Case No. 168971 c/w 170285, c/w 171502

The Honorable Timothy C. Ellender, Jr., Judge Presiding

* * * * * * * *

Penzato., J. dissents and assigns reasons

Dominick F. Impastato, III
Anthony J. Impastato
Vincent P. Impastato
New Orleans, Louisiana
        and
Tanner Magee
Houma, Louisiana

David M. Thorguson
Morgan City, Louisiana
        and
Lloyd T. Bourgeois, Jr.
Bayou Vista, Louisiana

Counsel for Plaintiffs/Appellants
Brittini and Brianne Garner

Counsel for Defendants/Appellees
Scully's Aluminum Boats, Inc. and
Scully's Metal Fabrication, Inc.

\* \* \* \* \* \* \* \*

BEFORE:  THERIOT, PENZATO, AND GREENE, JJ.

**THERIOT, J.**

Brittini Garner and Brianne Garner appeal the 32nd Judicial District Court's February 9, 2023 judgment granting Scully's Aluminum Boats, Inc. and Scully's Metal Fabrication, Inc.'s motion for partial summary judgment.

For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On February 9, 2013, David Wayne Garner ("Mr. Garner") was aboard a vessel assigned to him by his employer, Lynx Production Services, Inc. ("Lynx"), in the navigable waters off the coast of Terrebonne Parish, Louisiana. The vessel, which was allegedly owned by Specialty Boat Rentals, LLC, capsized and became submerged underwater, resulting in Mr. Garner's death.

At the time of his passing, Mr. Garner had three children: Brittini Garner, Brianne Garner, and Hunter Garner.[1] This appeal involves only Appellants, Brittini and Brianne Garner, and Appellees, Scully's Aluminum Boats, Inc. and Scully's Metal Fabrication, Inc. (collectively, "Scully's").[2] Scully's allegedly sold the subject vessel to Specialty Boat Rentals, LLC two years prior to the accident.

On March 1, 2013, Danielle Ann Ray filed a petition for damages individually and on behalf of her minor child, Hunter, which named Lynx as a defendant and contained state law claims and federal claims, including claims based upon the Jones Act. On August 23, 2013, Brittini and Angela Sharpe, individually and on behalf of then-minor child Brianne, filed a petition for damages against several defendants, including Scully's. This petition was also brought pursuant to the Jones Act and specifically alleged that Mr. Garner was a Jones Act seaman. On February 7, 2014, Danielle Ann Ray filed another petition

---

[1] When these legal proceedings began, Brianne and Hunter were under the age of majority. On July 26, 2018, following a motion to substitute filed by Lynx and after Brianne reached the age of majority, the trial court ordered Brianne to appear and substitute herself as a plaintiff in this action. It is unclear from the record whether Hunter Garner has reached the age of majority.

[2] Scully's Metal Fabrication, Inc. was initially misnamed as Scully's Aluminum Crafts, Inc. The plaintiffs in this matter filed a third amended petition substituting the former for the latter in September 2018.

for damages individually and on behalf of Hunter. This petition, which contained negligence claims, also named Scully's as one of several defendants. These three matters were consolidated on June 9, 2014.

In February 2016, the plaintiffs in this now-consolidated matter filed a first amended petition for damages wherein they asserted claims under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 ("LHWCA"). The plaintiffs specifically alleged in their first amended petition for damages that Mr. Garner "could be classified as a longshoreman" under the LHWCA. The first amended petition also re-averred and realleged the allegations of the original petition. Accordingly, at this stage in the proceedings, the plaintiffs had alleged that Mr. Garner was a Jones Act seaman or a longshoreman.

In June 2017, the plaintiffs filed a second amended petition wherein they asserted additional claims against Scully's based on the Louisiana Products Liability Act. This petition also re-averred and realleged the allegations of the original petition.

On September 4, 2018, Scully's answered the plaintiffs' original petition as amended by the first amended petition and second amended petition. Relevantly, Scully's admitted the plaintiffs' allegations relating to the Jones Act. Scully's further admitted both parties' longshoreman allegations insofar as they alleged liability by Lynx, denied the amended petition insofar as it alleged liability by Scully's, and denied the remaining allegations for lack of sufficient information to justify a belief therein.

On November 2, 2022, Scully's filed a motion for partial summary judgment wherein it moved to dismiss all claims for nonpecuniary damages asserted by Brittini and Brianne Garner ("the Garners") against Scully's, including all wrongful death and survival claims, pursuant to *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 116 S.Ct. 619, 133 L.Ed.2d 578 (1996). Scully's argued

4

that the Garners had judicially confessed that Mr. Garner was either a Jones Act seaman or a longshoreman covered by the LHWCA, thus making him a seafarer under *Yamaha.* Scully's argued that, as a result, the Garners could not assert claims for nonpecuniary damages, nor could they supplement their general maritime wrongful death claims with Louisiana wrongful death or survival claims. Scully's specifically sought to dismiss any claims for nonpecuniary damages and any state law claims filed by the Garners, highlighting their repeated allegations that Mr. Garner was either Jones Act seaman or a longshoreman at the time of his death.[3] Scully's further asserted that it had admitted to Mr. Garner's Jones Act or LHWCA status in its previously-filed answer.

A hearing on Scully's motion for partial summary judgment was held on January 19, 2023. At the conclusion of the hearing, the trial court ruled that the Garners had judicially confessed that Mr. Garner was a Jones Act seaman. Specifically, the trial court noted that the Garners alleged that Mr. Garner was a seaman or a longshoreman for the entirety of the litigation, through multiple amendments to petitions and answers. In a judgment signed on February 9, 2023, the trial court granted Scully's motion for partial summary judgment and dismissed with prejudice "all claims for non-pecuniary damages, including all wrongful-death and survival claims under the Louisiana Civil Code."

This appeal by the Garners followed.

## ASSIGNMENTS OF ERROR

The Garners assert the following as error:

(1) The trial court erred in concluding that a judicial confession was made.

(2) The trial court erred by failing to find that any judicial confession was withdrawn by an error of fact.

---

[3] Danielle Ann Ray, on behalf of Hunter, filed a motion with this Court indicating that she had settled all of Hunter's claims in this matter in 2018 and is no longer a party to this litigation. Although the record contains evidence of settlements with other defendants, there is no proof in the record of a settlement between Danielle Ann Ray, on behalf of Hunter, and Scully's.

5

(3) The trial court erred by concluding that a judicial confession precluded the weighing of other evidence admitted on summary judgment.

(4) The trial court erred by concluding that a judicial confession precluded other evidence on the issue of David Garner's status when there was no evidence of detrimental reliance provided.

(5) The trial court erred by denying the Garners' objections to Scully's exhibits submitted on summary judgment.

(6) The trial court erred by failing to find that there were genuine issues of material fact precluding the granting of Scully's motion for partial summary judgment.

## STANDARD OF REVIEW[4]

### Summary Judgment

Summary judgment procedure is favored and "is designed to secure the just, speedy, and inexpensive determination of every action .... and shall be construed to accomplish these ends." La. Code Civ. P. art. 966(A)(2). In reviewing the trial court's decision on a motion for summary judgment, this court applies a *de novo* standard of review using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. *Bass v. Disa Glob. Sols., Inc.*, 2019-1145 (La. App. 1 Cir. 6/12/20), 305 So.3d 903, 906, writ denied, 2020-01025 (La. 11/4/20), 303 So.3d 651.

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966(A)(3). The only documents that may be filed in support of or in opposition to the motion are

---

[4] We note that the motion for partial summary judgment at issue in this appeal was filed and decided under La. Code Civ. P. art. 966 prior to its amendment by 2023 La. Acts No. 317, § 1, and 2023 La. Acts No. 368, § 1, which became effective on August 1, 2023. This court has determined that the 2023 amendments to La. Code Civ. P. art. 966, which expanded the exclusive list of documents that are considered competent evidence in support of or in opposition to a motion for summary judgment and changed the duties of parties in supporting and opposing motions for summary judgment, are substantive and therefore cannot be applied retroactively. See *Ricketson v. McKenzie*, 2023-0314, p. 7-9 (La. App. 1 Cir. 10/4/23), ___ So.3d ___, ___; see also La. Civ. Code. art. 6 ("In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.").

6

pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. La. Code Civ. P. art. 966(A)(4); *Bass*, 305 So.3d at 906.

The mover bears the burden of proving that he is entitled to summary judgment. However, if the mover will not bear the burden of proof at trial on the subject matter of the motion, he need only demonstrate the absence of factual support for one or more essential elements of his opponent's claim, action, or defense. La. Code Civ. P. art. art. 966(D)(1). If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the nonmoving party must produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. P. art. 966(D)(1); *Bass*, 305 So.3d at 906.

In ruling on a motion for summary judgment, the trial court's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. A "genuine" issue is a triable issue, which means that an issue is genuine if reasonable persons could disagree; if on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. *Bass*, 305 So.3d at 906-07.

The Jones Act and LHWCA

The Jones Act grants "a seaman" a cause of action against his employer in negligence; only seamen may sue thereunder. In contrast, Congress enacted the LHWCA to establish a federal compensation remedy for injuries to certain land-based workers occurring on navigable waters. Generally, coverage under the LHWCA excluded "a master or member of a crew of any vessel." The LHWCA,

therefore, limits the definition of "seaman" in the Jones Act so as "to confine the benefits of the Jones Act to the members of the crew of a vessel plying in navigable waters and to substitute for the right of recovery ... only such rights to compensation as are given by the LHWCA." Thus, the seaman's remedy is limited to rights granted by the Jones Act, and rights granted to other maritime workers are provided exclusively by the LHWCA. The two remedies are mutually exclusive. *Jackson v. Chem Carriers, L.L.C.*, 2022-0043 (La. App. 1 Cir. 11/4/22), 356 So.3d 403, 414, writ denied, 2022-01770 (La. 2/14/23), 355 So.3d 618, citing *Sanchez v. Smart Fabricators of Texas, L.L.C.*, 997 F.3d 564, 568-69 (5th Cir. 2021).

## DISCUSSION[5]

Assignment of Error #5

The Garners argue that the trial court erred by denying their objections to Scully's exhibits submitted on summary judgment. Specifically, the Garners assert that the pleadings attached to Scully's motion for partial summary judgment were not admissible.

When this matter was decided by the trial court, La. Code Civ. P. art. 966 provided in pertinent part:

> (A)(4) The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. The court may permit documents to be filed in any electronically stored format authorized by court rules or approved by the clerk of the court. (Emphasis added.)

Scully's attachments to its motion for partial summary judgment, which are discussed in more detail below, consist of a petition, an amended petition, and an answer. Because petitions and answers are types of pleadings, Scully's attachments clearly constitute documents which may be filed in support of a motion for summary judgment. See La. Code Civ. P. art. 852; see also La. Code Civ. P. art. 966(A)(4). This assignment of error lacks merit.

---

[5] For ease of understanding, we address Appellants' assignments of error out of order.

8

<u>Assignment of Error #1</u>

The Garners argue that the trial court erred in concluding that a judicial confession was made. A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it. La. Civ. Code art. 1853. A judicial confession is a party's explicit admission of an adverse factual element and has the effect of waiving evidence as to the subject of the admission and of withdrawing the subject matter of the confession from issue. *Cichirillo v. Avondale Indus., Inc.*, 2004-2894 (La. 11/29/05), 917 So.2d 424, 429. An admission in a pleading falls within the scope of a judicial confession and is full proof against the party making it. A judicial confession must be explicit and not merely implied. *Cola v. Cola*, 2019-0530 (La. App. 1 Cir. 12/27/19), 294 So.3d 6, 11, <u>writ denied</u>, 2020-00344 (La. 6/3/20), 296 So.3d 1068; <u>see also</u> La. Civ. Code art. 1853.

Scully's attached the following to its motion for partial summary judgment: (1) the Garners' original petition for damages filed on August 23, 2013; (2) the Garners' first amended petition for damages filed on February 10, 2016; and (3) Scully's answer to the Garners' original petitions for damage as amended by the first amended petition and second amended petition[6] filed on September 11, 2018.

In their original petition, which included Scully's as a defendant, the Garners alleged that Mr. Garner was a Jones Act seaman. In their first amended petition, the plaintiffs re-averred and realleged all allegations from their original petition. The plaintiffs also amended their respective petitions to allege that Mr. Garner could be classified as a longshoreman.

In its September 11, 2018 answer, Scully's admitted the Garners' allegations relating to the Jones Act, including their allegation that Mr. Garner was a seaman.

---

[6] The second amended petition, filed on June 14, 2017, was not attached to Scully's motion for partial summary judgment.

Scully's further admitted both parties' longshoreman allegations insofar as they alleged liability by Lynx, denied the amended petition as it alleged liability by Scully's, and denied remaining allegations for lack of sufficient information to justify a belief therein.

Based on the attachments to Scully's motion for partial summary judgment, we find the Garners' repeated allegations that Mr. Garner was a seaman or a longshoreman fall within the scope of a judicial confession and constitute full proof against the Garners. See Cola, 294 So.3d at 11. Their judicial confession waives evidence as to the subject of the admission and withdraws the subject matter of the confession from issue. See Cichirillo, 917 So.2d at 429. The trial court properly concluded that a judicial confession was made. This assignment of error lacks merit.

Assignment of Error #4

The Garners argue that the trial court erred by concluding that a judicial confession precluded other evidence on the issue of David Garner's status when there was no evidence of detrimental reliance provided. Relevant to the instant matter is the established rule that a party who has made such an admission in a previous suit is not barred from denying the facts contained in that admission in a subsequent suit, unless the adverse party has been prejudiced by his reliance upon that admission. Mayo v. Hutchison, 2016-1642 (La. App. 1 Cir. 9/27/17), 232 So.3d 567, 573; see also Alexis v. Metro. Life Ins. Co., 604 So.2d 581, 582 (La. 1992).

The Garners cite Alexis, 604 So.2d 581 in support of their assertion that Scully's must assert and prove detrimental reliance. However, unlike the alleged admission in Alexis, the Garners' admissions were made in the same, consolidated suit. We further note that the Garners' admissions were made repeatedly in several different pleadings over a five-year period and have remained unchanged since at

least 2018. We find that the trial court correctly concluded that a judicial admission occurred. This assignment of error lacks merit.

Assignment of Error #2

The Garners argue that the trial court erred by failing to find that any judicial confession was withdrawn by an error of fact. A judicial confession is indivisible and it may be revoked only on the ground of error of fact. La. Civ. Code art. 1853.

The Garners attached portions of the deposition of Daniel Garner, Mr. Garner's brother who worked alongside Mr. Garner at Lynx, to their opposition to Scully's motion for partial summary judgment. In the attached portions of the deposition, Daniel Garner describes Mr. Garner's job position working for Lynx as a "pumper" or "gauger."[7] The Garners assert that Daniel Garner's deposition testimony contradicts their own statements of fact in the original and amended petitions relating to Mr. Garner's status as a seaman or longshoreman.

Daniel Garner's deposition was taken on February 5, 2016. The Garners amended their petition twice after the deposition was taken – first on February 10, 2016 and again on September 6, 2018. In each of these amendments, the Garners specifically re-averred and realleged all allegations from their original petition as if copied *in extensor*. Accordingly, despite the Garners' argument that Daniel Garner's deposition contradicts the allegations in their original petition and amended petition, the Garners reiterated their claim that Mr. Garner was a Jones Act seaman on at least two separate occasions after the deposition by re-averring and realleging all allegations from their original petition. The Garners further added their longshoreman claims (and reiterated same) after the deposition took place. The Garners did not attempt to amend their petition to remove that claim until the hearing at the motion for partial summary judgment, despite having ample time to do so. Considering their failure to remove the purported erroneous

_____

[7] According to Daniel Garner's deposition testimony, a "contract gauger takes care of an oil and gas facility for an oil and gas producer" and makes sure the facility's equipment is "functioning properly."

11

confession in the years following the 2016 deposition, their argument rings hollow at this stage of these proceedings. This assignment of error lacks merit.

Assignment of Error #3

The Garners argue that the trial court erred by concluding that a judicial confession precluded the weighing of other evidence (namely, Daniel Garner's deposition testimony) admitted on summary judgment. The Garners cite *Collins v. Hill*, 52,457 (La. App. 2 Cir. 2/27/19), 265 So.3d 1202, 1209 in support of their assertion that, when there is other evidence in the record creating disputed issues of fact despite a judicial admission or confession, it is proper to deny summary judgment. However, *Collins* is distinguishable from the present scenario because of other genuine issues of material fact that had not been judicially confessed. Regarding the issue of material fact that was judicially confessed in *Collins*, the Second Circuit Court of Appeal noted that the dispute over that particular fact (in that case, whether an agreement was a sale or a lease) was ended. *Collins*, 265 So.3d at 1208-09.

As stated above, a judicial confession is a party's explicit admission of an adverse factual element and has the effect of waiving evidence as to the subject of the admission and of withdrawing the subject matter of the confession from issue. *Cichirillo*, 917 So.2d at 429. By repeatedly asserting that Mr. Garner was a Jones Act seaman or longshoreman, the Garners have waived evidence as to the subject of that admission and withdrawn that subject matter (i.e. his status as a Jones Act seaman or longshoreman) from issue. This assignment of error lacks merit.

Assignment of Error #6

The Garners argue that the trial court erred by failing to find that there were genuine issues of material fact precluding the granting of Scully's motion for partial summary judgment. Considering our finding that a judicial confession was made, we reiterate that the Garners' judicial confession waived evidence as to the

12

subject of the admission and withdrew the subject matter of the confession from issue. See *Cichirillo*, 917 So.2d at 429. Despite the Garners' argument to the contrary, we decline to find that the trial court's admission of evidence, as authorized by La. Code Civ. P. art 966, creates a genuine issue of material fact when that evidence relates to a fact that has already been judicially admitted. Therefore, for the purposes of Scully's motion for partial summary judgment, there were no remaining issues of material fact as to whether the Garners judicially confessed that Mr. Garner was a Jones Act seaman or longshoreman.

Scully's motion for partial summary judgment was specifically intended to dismiss all claims for non-pecuniary damages asserted against Scully's by the Garners, including all wrongful death and survival claims under the Louisiana Civil Code. According to Scully's, *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 116 S.Ct. 619, 133 L.Ed.2d 578 (1996) is the controlling Supreme Court opinion.

In *Yahama*, the Supreme Court considered whether federal maritime claims for wrongful death supply the exclusive remedy in cases involving the deaths of nonseafarers in territorial waters, thus precluding the application of state laws. *Yamaha*, 516 U.S. at 205. The Supreme Court defined "nonseafarers" to mean persons who are neither seamen covered by the Jones Act, nor longshore workers covered by LHWCA. *Id.* at 205, n. 2. The Supreme Court ultimately concluded that the damages available for the death of a nonseafarer in territorial waters are properly governed by state law. *Id.* at 216. However, in the event of the death of a seafarer in territorial waters, federal maritime law (such as the Jones Act and LHWCA) applies. *Id.* at 202, 215.

Accordingly, the question of whether Mr. Garner was a seaman or longshoreman (in other words, a seafarer) determines whether the Garners' claims are governed exclusively by federal maritime law or whether state statutes may be

applied. Having found that the Garners judicially confessed that Mr. Garner is a seaman or longshoreman, we find that the Garners' claims are governed by federal maritime law. As a result, their state law claims for wrongful death and survival damages must be dismissed.

Further, nonpecuniary damages cannot be recovered for the death of a longshoreman injured in territorial waters. *Welch v. Fugro Geosciences, Inc.*, 2000-1231 (La. App. 1 Cir. 11/21/01), 804 So.2d 710, 717. The Supreme Court held in *Miles v. Apex Marine Corp.*, 498 U.S. 19, 32-33, 111 S.Ct. 317, 326, 112 L.Ed.2d 275 (1990) that the Jones Act limits recovery to pecuniary loss. Accordingly, regardless of whether Mr. Garner was a seaman or a longshoreman, the Garners' judicial confession bars any recovery for nonpecuniary damages and their claims for non-pecuniary damages must be dismissed.

Considering the foregoing, the trial court correctly found that there are no genuine issues of material fact as it pertains to those claims. The Garners' state law claims for wrongful death and survival damages, as well as the Garners' claims for nonpecuniary damages, were properly dismissed. This assignment of error lacks merit.

### DECREE

For the above and foregoing reasons, the 32nd Judicial District Court's February 9, 2023 judgment on Scully's Aluminum Boats, Inc. and Scully's Metal Fabrication, Inc.'s Motion for Partial Summary Judgment is affirmed. Costs of this appeal are assessed to Appellants, Brittini Garner and Brianne Garner.

**AFFIRMED.**

STATE OF LOUISIANA

FIRST CIRCUIT

NO. 2023 CA 0839

DANIELLE ANN RAY, INDIVIDUALY AND ON BEHALF OF HER
MINOR CHILD, HUNTER WAYNE GARNER

VERSUS

LYNX PRODUCTION SERVICES, INC.

*CONSOLIDATED WITH*

NO. 2023 CA 0840

BRITTINI GARNER AND ANGELA SHARPE ON BEHALF OF THE
MINOR CHILD, BRIANNE GARNER

VERSUS

SPECIALTY BOAT RENTALS, LLC, SCULLY'S ALUMINUM BOATS,
INC., SCULLY'S ALUMINUM CRAFTS, INC., GULF COAST
CHEMICAL, LLC, AND AMERICAN INTERSTATE INSURANCE CO.

*CONSOLIDATED WITH*

NO. 2023 CA 0841

DANIELLE ANN RAY, INDIVIDUALLY AND OBO HER MINOR CHILD,
HUNTER WAYNE GARNER

VERSUS

SPECIALTY BOAT RENTALS, LLC, SCULLY ALUMINUM BOATS, INC.
SCULLY ALUMINIMUM CRAFTS, INC. AND GULF COAST
CHEMICAL, LLC.

PENZATO, J., dissenting.

I respectfully disagree with the majority and find merit in the Garners'

assignment of error no. 4. The Garners correctly assert that Scully's failed to show

that it relied on the Garners' admission to its detriment. Louisiana jurisprudence

establishes that a party seeking to prove that another party made a judicial confession

must show reliance to its detriment, even when the alleged admission was made in

the same proceeding. *See Craft o/b/o Craft v. Ogunbor*, 2023-0084 (La. App. 1st

1

Cir. 11/9/23), *writ denied*, 2023-01599 (La. 2/6/24); *State, Department of Transportation & Development v. Restructure Partners, L.L.C.*, 2007-1745 (La. App. 1st Cir. 3/26/08), 985 So.2d 212, 229, *writ denied*, 2008-1269 (La. 9/19/08), 992 So.2d 937; and *Mace v. Turner*, 2018-40 (La. App. 3d Cir. 7/18/18), 2018 WL 3479226, *4 (unpublished).

Therefore, I find that Scully's had the burden of proving reliance to its detriment. Because Scully's offered no evidence to establish this, I find, on our *de novo* review, that Scully's failed to satisfy its summary judgment burden of proof. I would reverse the judgment, finding the trial court erred by granting Scully's motion for partial summary judgment.