| MAMES F. McKAY III, Judge.
The defendants, New Orleans Aviation Board (the board) and Revius Ortique, Jr., in his capacity as chairman of the New Orleans Aviation Board, appeal the trial court’s granting of a preliminary injunction to the plaintiff, NOLA Express, L.L.C. (NOLA Express), which enjoins and prevents the defendants from re-bidding the airport ground transportation concession for the Louis Armstrong New Orleans International Airport. We affirm.
FACTS AND PROCEDURAL HISTORY
On or about January 8, 2001, NOLA Express submitted a bid seeking to be given the airport ground transportation concession at the New Orleans International Airport. Shortly thereafter, in accordance with La. R.S. 38:2211, et. seq., the bids were opened by the New Orleans Aviation Board. On May 25, 2001, the Aviation Board sent a letter rejecting all bids for the concession to NOLA and Airport Shuttle, L.L.C., the other bidder for the concession. The reasons given for rejecting the bids were the failure of either bidder to provide a commercially meaningful role for its respective disadvantaged business enterprise partner in the operations, management and control of the legal entity which would | ahold the concession and the failure of either bidder to meet, or to demonstrate its ability to meet the vehicle specification requirements for the shuttle service.
On July 11, 2001, NOLA Express filed a petition for declaratory judgment and preliminary and permanent injunction seeking to enjoin the Aviation Board from re-bidding the concession and requiring the board to award the concession to NOLA Express, to allow NOLA Express to execute a contract for the concession with the board, and to proceed with the work for the concession in due course. At the same time, NOLA Express filed a writ of man *652 damus directing Revius Ortique to prevent the re-bidding of the concession and ordering him to award the concession to and execute a contract with NOLA Express. The defendants filed an answer and exceptions of no cause of action and no right of action. NOLA Express then filed subpoenas and notices for depositions for several witnesses who are either employed by the board or are advisors to the board regarding the concession. Thereupon, the board filed motions to quash and a motion to vacate the subpoenas. The trial court denied the exceptions, the motion to vacate and the motion to quash. The defendants also filed two writs with this Court, which affirmed the judgment of the trial court.[1]
On February 19, 2002, after a hearing on the petition for injunction, the trial court signed a judgment granting the preliminary injunction, enjoining and preventing the defendant from re-bidding the concession at issue pending a further order of the court. The plaintiff was required to post a $2,000.00 bond, which it did. On March 4, 2002, the board appealed the trial court’s granting of the preliminary injunction.
^DISCUSSION
The issue before this Court is whether the trial court erred in granting the plaintiff a preliminary injunction.
It is well settled that a court of appeal may not set aside a trial court’s or jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong” and where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even if the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989). Furthermore, the trial court has great discretion in granting or denying preliminary injunction relief. Camp, Dresser & McKee, Inc. v. Steimle and Associates, Inc., 94-547 (La.App. 5 Cir. 2/15/95), 652 So.2d 44. According to this Court:
An injunction shall issue in cases where irreparable injury or loss or damage may occur to the applicant. During the pendency of an action for injunction, the Court may issue a temporary restraining order, preliminary injunction or both. La. C.C. Pro. Art. 3601. A preliminary injunction is an interlocutory procedural device designed to preserve the existing status pending a trial of the issues on the merits of the case.
HCNO Services, Inc. v. Secure Computing Systems, Inc., 96-1693 (La.App. 4 Cir. 4/23/97), 693 So.2d 835.
In the instant case, the airport ground transportation concession has been ordered by the board to be re-bid. NOLA Express contends that it was and is the lowest responsive and responsible bidder. Furthermore, NOLA Express contends that by not awarding the concession to NOLA Express, the board, through its chairman, is attempting to ensure that the bid be given to the other bidder, Airport Shuttle, which NOLA Express contends is a violation of the Louisiana Public Bid Law, La. R.S. 38:2211, et. seq. NOLA Express asserts that it will suffer irreparable |4injury, loss and damage if the concession is re-bid, and that, therefore, it was necessary that a preliminary injunction be issued enjoining the board from further proceeding with the re-bid process or otherwise awarding to or executing a contract with any party other than NOLA Express for the concession until this matter can be fully heard and decided by the court.
*653 In the transcript of the hearing on the preliminary injunction, the trial court states that it is granting the injunction “to stop somebody else from getting a bid so [it] could get more facts.” Clearly, the trial court wanted to hold the bid process in place until it was able to gather more facts. If NOLA Express was in fact the lowest responsible and responsive bidder, the re-bidding of the concession could indeed cause it irreparable injury, loss or damage if the concession is awarded to another bidder. The trial court’s decision to hold the bid process in place until it has an opportunity to gather more facts is reasonable and by no means an abuse of its discretion.
DECREE
For the foregoing reasons, the trial court’s granting of the preliminary injupc- ° tion is affirmed.
AFFIRMED.

. 2002-C-0302 c/w 2002-C-0303.