867 So.2d 1005 (2004)
RAY ANDING CONSTRUCTION, INC., Plaintiff-Appellee
v.
MONROE CITY SCHOOL BOARD, Defendant-Appellant.
No. 38,228-CA.
Court of Appeal of Louisiana, Second Circuit.
March 5, 2004.
*1006 L. Douglas Lawrence, Bastrop, Tikisha Yvonne Smith, for Appellant, Monroe City School Board.
Shotwell, Brown & Sperry, by: C.A. Martin, III, Monroe, for Intervenor/Appellant, Traxler Construction Co., Inc.
Sedric E. Banks, Monroe, for Appellee.
Before BROWN, WILLIAMS, and GASKINS, JJ.
BROWN, C.J.
Plaintiff, Ray Anding Construction Co. Inc. ("Anding"), was the low bidder for a public works project for construction and renovations at Carver Elementary School in Monroe, Louisiana; however, its bid was rejected by defendant, Monroe City School Board ("MCSB"). Consequently, Anding sought injunctive relief in the district court. Traxler Construction Co. Inc. ("Traxler"), who was awarded the contract, *1007 intervened. Anding's rule for injunctive relief was heard as a summary matter. The trial court found in favor of Anding and enjoined and restrained the MCSB from executing any contract with anyone other than Anding. Further, the court concluded that Anding's bid was in proper form and was the lowest bid. MCSB was ordered to pay all costs and indemnify Traxler for the cost of a performance bond it had purchased. Defendant, MCSB, and defendant-in-intervention, Traxler, have appealed. For the reasons set forth below, we affirm in part and reverse in part.

Factual Background
In early 2003, the Monroe City School Board, in accordance with Louisiana Public Bid Law, La. R.S. 38:2211, et seq., advertised for bids on a public works project for construction and renovations at Carver Elementary School.
After the written bid proposals were opened and reviewed by the MCSB, the bid submitted by Anding was not accepted because the bid amount was recited numerically as "$559.372.00." (use of periods rather than commas) and in words as "Five Hundred Fifty Nine Three Hundred Seventy Two Dollars" (omission of the word Thousand). The MCSB's attorney informed Anding that its bid was unclear and unacceptable. Subsequently, Traxler was awarded the contract as the next lowest bidder.[1] Traxler then obtained a performance bond at a cost of $5,880. Court action was quickly initiated by Anding, and the matter was heard summarily on June 30, 2003. At this point, no action, aside from Traxler obtaining a performance bond, had been taken.

Discussion
Any contract entered into for the construction of public works in violation of the Louisiana Public Bid Law is void. La. R.S. 38:2220. Any interested party may bring suit in the district court through summary proceedings to seek appropriate injunctive relief to prevent the award of a contract which would be in violation of this part, or may proceed by ordinary process to seek an appropriate remedy to nullify a contract entered into in violation of this part. La. R.S. 38:2220(B). Failure to award the contract to the lowest responsive and responsible bidder is a violation of the public bid law. To obtain injunctive relief, the petitioner must have standing to do so and meet the requirements for this extraordinary relief. As a bidder, Anding was an interested party and clearly has standing to seek injunctive relief.
La. C.C.P. art. 3601 provides in pertinent part:
An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law....
Fairness lies at the heart of the bidding process and violations of competitive bid requirements should not be sanctioned. Injunctive relief is proper where it is clear that it is the only adequate means of protecting the public interest, the integrity of the competitive bidding process, and the rights of the individual bidder.
In Nola Express, L.L.C. v. New Orleans Aviation Board, 02-0662 (La.App. 4th Cir.09/11/02), 826 So.2d 650, writ denied, 02-2774 (La.02/07/03), 836 So.2d 100, a bidder for an airport ground transportation concession contended it was the lowest bidder and sought a preliminary injunction to enjoin the aviation board from re-bidding the concession. The appellate court held that where Nola Express alleged that it was the lowest bidder, the re-bidding of *1008 the concession could indeed cause irreparable injury, loss, or damage if the concession was awarded to another bidder.
In the instant case, the trial court states that it is "going to grant the injunction and recognize Mr. Anding's as the low bid in this particular case." If Anding was in fact the lowest bidder, awarding the public works contract to Traxler could indeed cause Anding irreparable injury.
The trial court found that Anding was the lowest bidder. The rejection by MCSB of Anding's bid was based solely on the ambiguity of the written text of the bid amount and the use of periods rather than commas in the numerical recitation. We agree with the trial court that there was no genuine controversy as to the amount of Anding's bid. MCSB followed its normal procedure of opening and reading the bids aloud and identifying the apparent low bidder. Thereafter, the bids were reviewed by MCSB officials and their own architect to determine the lowest responsive and responsible bidder for purposes of actually awarding the contract. When MCSB initially opened and tabulated the bids, it announced that Anding's bid was the lowest. At that time, MCSB officials had no problem understanding the amount of the bid. Further, MCSB has not asserted that Anding was not a responsible contractor. Because Anding acted swiftly, no construction had started. No evidence was presented by MCSB that a delay would cause a hardship to the school system.
MCSB argues that La. R.S. 38:2220 does not authorize the use of summary proceedings to determine the merits of whether a bid is non-conforming. The statute, however, specifically provides that any interested party may bring suit through summary proceeding to enjoin the award of a contract or to seek other appropriate injunctive relief to prevent the award of a contract that violates the public bid law. MCSB argues that Anding's pleadings did not seek a permanent injunction but only a temporary restraining order and a preliminary injunction. In fact, the petition sought interlocutory as well as permanent relief.
A preliminary injunction is an interlocutory procedural device designed to prevent irreparable harm by preserving the status quo between the parties pending a full trial on merits. La. C.C.P. art. 3601; Gaumnitz v. Williamson, 36,177 (La. App.2d Cir.08/14/02), 824 So.2d 531; Wied v. TRCM, LLC, 30,106 (La.App.2d Cir.07/24/97), 698 So.2d 685; Louisiana Gaming Corporation v. Rob's Mini-Mart, Inc., 27,920 (La.App.2d Cir.01/24/96), 666 So.2d 1268; Bally's Louisiana, Inc. v. Louisiana Gaming Control Board, 99-2617 (La.App. 1st Cir.01/31/01), 807 So.2d 257, writ denied, 01-0510 (La.01/11/02), 807 So.2d 225.
The principal demand, as opposed to a preliminary injunction, is determined on the merits only after a full trial under ordinary process, even though the hearing on the summary proceeding to obtain the injunction may touch upon or tentatively decide issues regarding the merits. La. C.C.P. art. 3601; Liberty Bank and Trust Co. v. Dapremont, 02-1504 (La.App. 4th Cir.02/11/03), 844 So.2d 877, writ denied, 03-1416 (La.09/26/03), 854 So.2d 361; Bally's, supra; Neumeyer v. Schwartz, 97-995 (La.App. 5th Cir.03/25/98), 708 So.2d 1258. Furthermore, only where the parties have expressly agreed to submit the case for a final decision at the hearing on the rule for a preliminary injunction may the ruling on the preliminary injunction definitively dispose of the merits of the case. Bally's, supra; Neumeyer, supra.
The trial court was not clearly wrong or manifestly erroneous in finding *1009 that Anding presented a prima facia case that it was the lowest responsive and responsible bidder. The remedy fashioned by the trial court "enjoined and restrained" the MCSB from executing or awarding the contract to any bidder other than plaintiff. This remedy was clearly within the trial court's discretion. To reach such a conclusion, the trial court had to find that Anding presented a prima facia case that it was the lowest responsible bidder and that its bid was not ambiguous. However, the ruling of the trial court on all issues, including the conformity and integrity of the bid which led to a final determination on the merits, constitutes error.
Additionally, MCSB has objected to the trial court ordering it to indemnify Traxler for the cost of its performance bond. This relief was not sought in this proceeding by intervenor, Traxler, and should not have been granted.

Conclusion
For the reasons set forth above, the judgment of the trial court granting the preliminary injunction is affirmed. This case is remanded to allow determination on the merits regarding the conformity and integrity of the bid. The ruling that MCSB pay Traxler the cost of its performance bond is also reversed. All costs are to be paid as allowed by law by MCSB.
AFFIRMED in part, REVERSED in part, and REMANDED.
NOTES
[1] The Traxler bid was for $566,700.00.