PETTIGREW, J.
| ?,Tlüs is an appeal by Gilchrist Construction Co., LLC. (Gilchrist) of a judgment that dismissed its action for nullity, and maintained the defendants’ exceptions of no right of action and prescription, finding Gilchrist had no right to contest as null a public bid contract that had been allegedly awarded in violation of Louisiana’s Public Bid Law, La. R.S. 38:2211 et seq., because Gilchrist’s objections thereto were untimely. After a thorough review of the record and applicable law, we affirm.
FACTUAL BACKGROUND AND PROCEDURAL HISTORY
In February 2012, the Parish of East Feliciana, through the East Feliciana Parish Police Jury (EFPPJ), published “Advertisement For Bids” in connection with a project, entitled East Feliciana Parish Unincorporated Road Repairs (the project), which involved the construction of an asphalt overlay for several roads within the parish. The engineer and the owner’s representative for the project was Shread-Kuyrkendall and Associates, Inc. (Shread). The advertisements instructed that all bids were to be delivered no later than 10 a.m. on March 15, 2012, and that they were to be filed in triplicate. The advertisements also noted that the owner reserves the right to reject any or all bids for just *37 cause, in accordance with Title 38 of the Revised Statutes [Louisiana’s Public Bid Law].
After submission of and opening of all bids, it was tabulated that Gilchrist submitted the lowest bid[1]; however, its bid was rejected as being non-responsive for failure to comply with the advertised requirement that it be submitted in triplicate. Accordingly, by letter to EFPPJ dated March 19, 2012, Shread recommended that the contract be awarded to the lowest responsive bidder, Coastal Bridge Company, L.L.C. (Coastal)[2], noting in the letter that the lowest bidder, Gilchrist, was non-responsive for failing to submit its bid in triplicate as required by the advertisement.
l.gOn March 20, 2012, the matter of the award for the project was presented to the EFPPJ, which voted to award the contract to Coastal, in the amount of $1,959,489.00.
On March 28, 2012, Gilchrist filed an application for preliminary injunction, together with a separate pleading, entitled Petition for Permanent and Mandatory Injunction, Declaratory Judgment and for Damages. Primarily, Gilchrist sought to enjoin the EFPPJ from awarding, executing, or making payments under any contract to anyone other than Gilchrist, claiming to be the lowest responsive bidder for the project. In the alternative, Gilchrist sought an order that the EFPPJ reject all bids based on its own failure to comply with the Louisiana Public Bid Law. Specifically, Gilchrist contended that the EFPPJ failed to comply with La. R.S. 38:2212(A)(l)(f), which it claims mandates the EFPPJ (and all public entities) to provide potential bidders with the option to submit bids electronically and that the public entity include all bid documents on the electronic website for accepting public bids.
On April 2, 2012, Coastal filed a petition of intervention, claiming to have been awarded the contract for the project as the lowest responsive bidder. Coastal also asserted that Gilchrist’s request for injunc-tive relief was untimely, and/or prescribed, and should be dismissed on that basis. Coastal also asserted that Gilchrist is not an interested party with the right to bring this action, because its bid had been rejected as non-responsive because it failed to file its bid in triplicate. Finally, Coastal asserted in the alternative that Gilchrist had waived its’ right to complain about the bid process being defective or violative of statutory mandate, because it waited to complain about the lack of the option to file electronically until after the submission of its own bid and the award of the contract to another bidder. On April 9, 2012, Coastal filed exceptions of no right of action, prescription, and laches. The EFPPJ filed its own exception of no right of action and adopted, by reference, all arguments presented by Coastal.
On April 10, 2012, Gilchrist filed an unopposed motion to amend and supplement its original petition, to seek a declaratory judgment that the EFPPJ violated provisions of the Public Bid Law, and seeking to annul the contract that was awarded to Coastal. Gilchrist additionally sought attorney fees and damages.
14A hearing on the foregoing was held on April 11, 2012. Prior to the hearing, the parties entered into written stipulations that were entered into evidence to the effect that Gilchrist no longer sought to enjoin the award of the contract to Coastal, but was only proceeding for a declaration that the award of the contract was *38 null and void for failure of the EFPPJ to comply with the specific terms of the Public Bid Law; i.e., the requirement that bidders be given the option of electronic filing. The parties further stipulated that the remaining exceptions filed by EFPPJ and Coastal would be heard prior to but at the same hearing as the action for nullity.
The parties also stipulated the following pertinent facts: (1) that the EFPPJ published advertisements for and received bids pursuant to La. R.S. 38:2211 et seq.; (2) that EFPPJ did not provide bidders with the opportunity to submit bids electronically according to La. R.S. 38:2212(A)(l)(f), although the provision was applicable to that parish; (3) that no bidder, person, or entity objected in any manner to the advertisement, the bid form, or the bidding procedure at any time prior to the submission of bids or the award of the project; and more specifically, (4) that no bidder, including Gilchrist, requested to submit electronically, or objected to the lack of the opportunity to file the bids electronically; (5) that Gilchrist’s submitted bid was the lowest numerical bid of $1,924,081.00, and Coastal’s submitted bid was the second lowest numerical bid of $1,959,489.00; (6) that the EFPPJ, upon the recommendation of its project engineer, determined Gilchrist’s bid was non-responsive for failure to file in triplicate as required, and that its bid was therefore rejected on that basis; (7) that the project was then awarded to Coastal, the second lowest bidder and the lowest responsive bidder; (8) that neither EFPPJ, Gilchrist nor Coastal were aware at the time of the bidding process that the threshold for requiring the option of electronic bidding to parishes with a population of at least 50,-000 (inapplicable to East Feliciana Parish) had been amended with an effective date of August 15, 2011, to reduce the threshold to parishes with populations of at least 20,000 (which did apply to East Feliciana Parish); (9) that Gilchrist was allowed to file an amending and supplemental petition asserting an action to annul the award of the contract to Coastal, which nullity would be the sole remaining issue arising out of IfiGilchrist’s objections to the bidding process (thus, Gilchrist was relinquishing the action to enjoin the award of the contract to Coastal); and finally, (10) that the only issue outstanding, as between the parties, as of the time of entering into these stipulations, was the issue of nullity of any contract entered into in connection with the Project.
At the hearing, all of the documents related to the foregoing stipulation of facts were entered into evidence, as was the affidavit of Chad Juneau, COO of Gilchrist, which detailed the bidding process and the failure of that process to offer an option for electronic filing of bids. He also attested that Gilchrist was unaware of the EFPPJ’s failure to comply with the Public Bid Law when it submitted its bid on March 15, 2012.
After the hearing, the trial court rendered reasons for judgment, specifically finding that the rejection of Gilchrist’s bid by the EFPPJ as non-responsive was valid — it found the advertisement required the bids to be submitted in triplicate and that clearly, Gilchrist had not met this requirement.
The trial court also noted that La. R.S. 38:2212(A)(l)(f)(i), requiring a public entity to offer the option of electronic filing, did indeed, apply to the EFPPJ in this matter, and that the EFPPJ had failed to comply with this, requirement. However, it noted that Gilchrist was an aggrieved (unsuccessful) bidder, and as such, it failed to timely file suit for an injunction based on its claim that the bidding process violated the Public Bid Law, because Gilchrist knew (or should have known) of that deficiency in *39 the bidding process at the time it was advertised, or at the very latest, by the time Gilchrist submitted its bid. The trial court noted that there was no evidence that Gilchrist could not have sought injunc-tive relief and asserted its allegation of violation of the Public Bid Law prior to the submission deadline, thus giving the EFPPJ an opportunity and time to correct its failure and offer the electronic submission of bids. Because Gilchrist did not timely file an injunction based on that allegation, its bid was validly rejected; therefore, it waived (or had no right) to proceed with a nullity action.
Based on those findings, the trial court sustained the exceptions of no right of action and the exception of prescription, and dismissed Gilchrist’s claims by judgment signed May 1, 2012. Gilchrist then filed a Motion for New Trial and/or for Reconsideration Rof Reasons for Judgment, which the trial court denied on May 14, 2012. Gilchrist now appeals those judgments.
Gilchrist asserts the trial court erred in ruling that an unsuccessful bidder must seek injunctive relief prior to seeking nullification of a public works contract; in allowing a public entity to proceed with an award of a public works contract where a violation of the public bid law in the solicitation of bids had occurred; in finding that Gilchrist had failed to timely seek injunc-tive relief; and, in denying its motion for new trial.
APPLICABLE LAW
The Louisiana Public Bid Law, La. R.S. 38:2211 et seq., is a prohibitory law founded on public policy. Hamp’s
Construction, L.L.C. v. City of New Orleans, 2005-0489, p. 4 (La.2/22/06), 924 So.2d 104, 107, La. R.S. 38:2212(A)(1)(a) mandates that all public construction contracts of major significance be let to the “lowest responsible bidder.”[3] The Public Bid Law serves the dual purposes of (1) eliminating fraud and favoritism and (2) securing free and unrestricted competition among bidders, thereby avoiding undue or excessive costs. Apolinar v. Professional Construction Services, 95-0746, p. 4 (La.11/27/95), 663 So.2d 17, 18-19. A political entity has no authority to take any action which is inconsistent with the Public Bid Law. Hamp’s, 924 So.2d at 107. See also, La. R.S. 38:2212(A)(l)(b)(i), which provides that the requirements and provisions of that section shall not be waived by any public entity.- In this sense, the law severely curtails the discretion of the public entity, thereby ensuring a level playing field for all bidders and a fair and equitable means by which competing bids might be evaluated to determine the lowest responsible and responsive bidder. One bidder cannot be provided an advantage over another bidder due to a waiver. Hamp’s, 924 So.2d at 110.
|7And specifically at issue herein, La. R.S, 38:2212(A)(l)(f) provides:
(i) Contractors shall be provided the option to submit bids for public contracts through a uniform and secure electronic interactive system. Political subdivisions shall follow the standards for the receipt of electronic bids adopted by the office of the governor, division of administration, and the office of information technology as provided for in LAC 4:XV.701, and shall make the appropri *40 ate provisions necessary for the acceptance of electronic bids for all purchases requiring competitive bidding as required by this Section. Any special condition or requirement for the submission shall be specified in the advertisement for bids required by this Section.
(ii) Public entities that are currently without available high speed Internet access will be exempt from this requirement until such time that high speed Internet access becomes available.
(iii) Any parish with a police jury form of government and a population of less than twenty thousand shall be exempt from the provisions of this Subpara-graph.
(iv) Any city or municipality with a population of less than ten thousand shall be exempt from the provisions of this Sub-paragraph.
(v) Any special service district created by a police jury form of government and which is unable to comply with R.S. 38:2212(A)(l)(f)(i) without securing and expending additional funding shall be exempt from its requirements. The special service district shall be exempted from any expenditures for high speed Internet access, software, personnel costs, training, or other office equipment directly relating to the receipt of bids via high speed Internet access.
(vi) Public entities shall have the option to require that all bids be submitted electronically for any competitive bid let out for public bid.
(vii) Public entities must include all bid documents as defined in R.S. 38:2211(A)(1), on the electronic website accepting the electronic bids.
(Emphasis added.)
It is undisputed, and the trial court specifically found that the EFPPJ did not comply with subsection (l)(f) of the Public Bid Law in that it did not provide bidders with the opportunity to electronically file bids. Although an amendment to the statute, Acts 2011, No. 81 § 1, effective August 2011, reduced the population threshold from 50,000 to 20,000, thus now including East Feliciana Parish within the scope of the ^statute’s mandate, EFPPJ was unaware of the amendment (or that the electronic filing option was now applicable to that parish) at the time the bids were advertised, received, and the contract awarded.
Regarding the award of a contract contrary to the provisions of the Public Bid Law, La. R.S. 38:2220 provides, in pertinent part:
A. Any purchase of materials or supplies, or any contract entered into for the construction of public works, contrary to the provisions of this Part shall be null and void.
B. The district attorney in whose district a violation of this Part occurs, the attorney general, or any interested party may bring suit in the district court through summary proceeding to enjoin the award of a contract or to seek other appropriate injunctive relief to prevent the award of a contract which would be in violation of this Part, or through ordinary proceeding to seek appropriate remedy to nullify a contract entered into in violation of this Part.
(Emphasis added.)
An “interested party” for the purpose of the remedies set forth in 38:2220(B) and the jurisprudence is a party claiming to be the lowest responsible and responsive bidder and thus, the bidder entitled by virtue of the Public Bid Law to an award of the contract by the public entity. Carolina Biological Supply Co. v. East Baton Rouge Parish School Bd., 2011-0301 (La.App. 1 Cir. 3/14/12), 2012 WL 895995 (unpublished), writ denied, *41 2012-0836 (La.5/25/12), 90 So.3d 418 (wherein this court held, by raising an exception of no right of action on its own motion, that an unsuccessful bidder who was not entitled to an award of the contract in the first place had no right of action to seek damages as a result of the School Board’s award of the contract to another bidder.)
DISCUSSION/ANALYSIS
Gilchrist argues that there is no dispute that EFPPJ violated subsection La. R.S. 38:2212(A)(l)(f)(i) by failing to provide bidders with the option of filing bids electronically, and that pursuant to La. R.S. 38:2220, it, as an interested party and taxpayer may file the instant suit through ordinary remedy to nullify the contract to Coastal that it contends was awarded in violation of the statute. Notably, Gilchrist does not dispute that it failed to file its bid in triplicate by the time of submission on March 15, 2012, as instructed by the | nadvertisement; however, it claims that it submitted two copies of the bid to EFPPJ on March 23, 2012, pursuant to La. R.S. 38:2212(A)(l)(b)(ii)(bb)[4], such that at that time, its bid was “responsive.”
The trial court rejected, and we agree, that Gilchrist’s subsequent compliance with the statutory requirement of 38:2212(A)(l)(b)(ii)(bb) is not the equivalent of the requirement in EFPPJ’s advertisement for bids that they be submitted in triplicate. The trial court found, and we agree, that the requirement was not only valid, but very clearly and unambiguously required by the advertisements. Because Gilchrist was not the lowest responsible and responsive bidder, based on the foregoing, it can have no right of action to now contest the award of the contract to another entity.
This is especially so under the facts and circumstances of this case, where Gilchrist’s allegation about EFPPJ’s noncompliance with the Public Bid Law concerns a statutory requirement (allowing electronic filing of bids) that had nothing to do with the reason that Gilchrist’s bid was rejected. Moreover, the evidence reveals that no bidder, including Gilchrist, ever inquired or requested to file their bid electronically, nor did any bidder, including Gilchrist, raise a complaint about the lack of that option at any time during the bidding process. This Is entirely consistent with the Supreme Court’s holding in Airline Construction Company, Inc. v. Ascension Parish School Board, 892697 (La.10/22/90), 568 So.2d 1029, that an unsuccessful bidder on a public contract .who fails to resort to the relief granted by statute. (i.e., La. R.S. 38:2220(B)) by attempting to enjoin timely the execution or performance of the contract when the facts necessary for | 10injunctive relief are known or readily as.certainable by the bidder, is precluded from recovering damages against the public body.
After correctly setting forth the law, burden of proof, and analysis for an excep *42 tion of no right of action, the trial court also very aptly noted as follows:
The evidence shows that the agent for the Police Jury notified all bidders by letter dated March 19, 2012 of the recommendation that the Police Jury reject the bid of Gilchrist and award the contract to Coastal. The Police Jury acted in accord with the recommendation at a meeting on March 20, 2012. That considered, there was simply no time between the notification and the award for any bidder to seek injunctive relief for a wrongful award. In fact, Gilchrist did not acquire knowledge of the award until after it had been finalized. However, Gilchrist is not seeking to rectify a wrongful award for some procedural or substantive defect in that specific award. Gilchrist is seeking to nullify the entire process for failure of the Police Jury to offer the bidders the option to submit bids electronically. As to that issue, Gilchrist knew or should have known of the deficiency in the bidding process when the Police Jury advertised. It was at that time that Gilchrist could have and should have sought injunctive relief giving the Police Jury time to correct its failure to offer electronic submission of bids to bring the process into compliance with the Public Bid Law. Gilchrist ... failed to timely assert its claim for injunctive relief and, as an unsuccessful bidder, has waived its right to proceed with this nullity action. To find otherwise, would allow any bidder on any project to forego seeking injunctive relief to correct any known shortcoming in the bidding process or failure to comply with the Public Bid Law when the shortcoming or failure could be corrected and wait to see if it was the successful bidder. If successful, no action would be taken. If unsuccessful, the unsuccessful bidder could proceed with the nullity action thereby requiring another round of bids but with knowledge of the amounts of the other bids. The purpose of the law — to insure a level playing Held for all bidders and a fair and equitable means by which competing bids might be evaluated to determine the lowest responsible and responsive bidder — would be defeated.
(Emphasis added.)
CONCLUSION
We find these reasons for judgment are consistent with the applicable statutory provisions, the jurisprudence, and also with the public policy underlying the Public Bid Law. We also find they are amply supported by the record, and the facts and circumstances of this case. Accordingly, we affirm the judgment of the trial court, | ndismissing Gilchrist’s action for nullity, and sustaining the exceptions of no right of action and prescription. All costs of this appeal are assessed to Gilchrist.
AFFIRMED.

. Gilchrist submitted a bid for $1,924,081.00.

. Coastal’s bid was for $1,959,489.00.

. La. R.S. 38:2212(A)(l)(a) provides: "All public work exceeding the contract limit as defined in this Section, including labor and materials, to be done by a public entity shall be advertised and let by contract to the lowest responsible bidder who had bid according to the contract, plans, and specifications as advertised, and no such public work shall be done except as provided in this Part.”

. That provision addresses additional filings that must be made by the lowest responsive bidder, providing as follows:
Other documentation and information required including but not limited to the low bidder’s attestation pursuant to R.S. 38:2212.10 and 2227 shall be furnished by the low bidder within ten days after the bid opening. The ten-day period shall not be altered or waived by any public entity except the governing authority of any publicly owned commercial aviation airport, the Sewerage and Water Board of New Orleans, and all agencies of the City of New Orleans, including but not limited to the Regional Transit Authority and the New Orleans Aviation Board, who shall require that the other documentation and information referred to in this Subitem be furnished by the two lowest bidders three days after the bid opening.