# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE
NEWS RELEASE #45

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the 22nd day of October, 2019, are as follows:

**PER CURIAM:**

*2019-C-00053*   *LEBLANC MARINE, L.L.C. VS. STATE OF LOUISIANA, DIVISION OF ADMINISTRATION, OFFICE OF FACILITY PLANNING AND CONTROL (Parish of East Baton Rouge)*

In this case, we are called upon to decide whether a public entity's bid advertisement can impose more restrictive requirements than those requirements set forth in the Louisiana Public Bid Law, La. R.S. 38:2212, et seq. For the reasons that follow, we conclude a public entity may not deviate from the statutory requirements. The judgment of the court of appeal is reversed, and the petition of LeBlanc Marine, L.L.C. is dismissed with prejudice.

REVERSED.

Chief Judge Susan M. Chehardy of the Court of Appeal, Fifth Circuit, appointed as Justice pro tempore, sitting for the vacancy in the First District.

Retired Judge Michael Kirby appointed Justice ad hoc, sitting for Clark, J.

SUPREME COURT OF LOUISIANA

No. 2019-C-0053

LEBLANC MARINE, L.L.C.

VS.

STATE OF LOUISIANA, DIVISION OF ADMINISTRATION,
OFFICE OF FACILITY PLANNING AND CONTROL

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
FIRST CIRCUIT, PARISH OF E. BATON ROUGE

PER CURIAM[*]

In this case, we are called upon to decide whether a public entity's bid advertisement can impose more restrictive requirements than those requirements set forth in the Louisiana Public Bid Law, La. R.S. 38:2212, *et seq*. For the reasons that follow, we conclude a public entity may not deviate from the statutory requirements.

**UNDERLYING FACTS AND PROCEDURAL HISTORY**

This dispute arises out of a project known as Phase III Levee Repairs at Rockefeller Wildlife Refuge located in Grand Chenier, Louisiana ("the Project"). In May 2017, the State of Louisiana, through the Division of Administration, Office of Facility Planning and Control ("State") issued an advertisement for bids for the Project. Section 5.1.9 of the State's instructions to bidders provided:

**Section 5.1.9**

---

[*] Chief Judge Susan M. Chehardy of the Court of Appeal, Fifth Circuit, assigned as Justice pro tempore, sitting for the vacancy in the First District. Retired Judge Michael Kirby appointed Justice ad hoc, sitting for Justice Clark.

The authority of the signature of the person submitting the bid shall be deemed sufficient and acceptable under any of the following conditions:

(a) A corporate resolution or a copy of the detailed record from the Secretary of State's business filing page submitted with the bid package as required by La. R.S. § 38:2212(B)(5); or

(b) An affidavit, resolution or other acknowledged or authentic document indicating the names of all parties authorized to submit bids for public contracts. A bid package submitted by such a legal entity shall include a current Power of Attorney certifying agent's authority to bind Bidder, as required by La. R.S. § 38:2212(B)(5).

Notably, Section 5.1.9 of the bidding instructions were more restrictive than the statutory provisions for establishing a person's authority to bid under La. R.S. 38:2212(B)(5). The statute provides for a total of three methods for establishing a person's authority, while the bidding instructions were limited to two methods. Following the close of bidding, LeBlanc Marine, L.L.C. ("LeBlanc") was the apparent low bidder on the Project, and Southern Delta Construction, L.L.C. ("Southern Delta") was the apparent second low bidder. However, on September 20, 2017, the State informed LeBlanc that its bid was rejected because it failed to comply with Section 5.1.9 of the instructions to bidders. Specifically, the State claimed LeBlanc failed to submit written evidence of the authority of the person signing the bid as set forth in the instructions. The State thereafter determined Southern Delta was the lowest responsive bidder and awarded the contract for the Project to Southern Delta. LeBlanc filed a petition for injunctive and declaratory relief, seeking to enjoin the State from awarding the contract to Southern Delta, or alternatively, a declaration that any contract entered into by the State and Southern Delta was null and void. LeBlanc's petition alleged that Southern Delta's bid was non-responsive because it violated Section 5.1.9 of the instructions to bidders. In particular, LeBlanc asserted that Southern Delta failed to include written evidence proving that the person who signed the bid had the authority to sign and

2

submit the bid on Southern Delta's behalf. Southern Delta's bid was signed by its vice-president, Michael Mayeux. Southern Delta included a "Certification of Authority" signed by its president Daniel Fordice, III, which provided:

Pursuant to the Requirements of L.S.A. R.S. 38:2212, the undersigned does certify that he is the President of [Southern Delta] and that Mike Mayeux, Vice President[,] is duly authorized to submit bids and to execute bids with all public entities.

LeBlanc argues this Certification of Authority fails to meet the requirements of Section 5.1.9 of the instructions to bidders. The parties do not dispute, however, that it does meet the requirements of La. R.S. 38:2212(B)(5)(b), which provides: "(b) The signature on the bid is that of an authorized representative as documented by the legal entity certifying the authority of the person."

After Southern Delta intervened in the suit to protect its contract interest with the State, the matter proceeded to a trial. Prior to trial, the State, LeBlanc, and Southern Delta submitted joint stipulations of fact and evidence.[1]

At the conclusion of trial, the district court granted LeBlanc's petition for declaratory relief and declared that any contract executed between the State and Southern Delta was an absolute nullity. In reasons for judgment, the district court found that the State was bound by the more restrictive requirements set forth in its instructions to bidders:

In this case, the State of Louisiana, in their advertised Instruction to Bidders, required with specificity what type of written evidence of authority would be accepted as sufficient to establish that the person signing the bid had the authority to do so. The written evidence required by the Instruction to Bidders was more restrictive than what is provided for in La. Rev. Stat. 38:2212(B)(5). Therefore, according to the law, the State of Louisiana is now bound by the more restrictive means of providing written evidence of authority. Specifically, the State of Louisiana is bound by the advertised Instruction to Bidders and any public contract awarded in violation of the Instruction to Bidders is an absolute nullity.

---

[1] Prior to trial, LeBlanc stipulated that the petition did not contest the State's rejection of its bid.

Southern Delta appealed. The court of appeal affirmed, finding no error in the district court's conclusion that the State was bound by its more restrictive bid instructions. *LeBlanc Marine, L.L.C. v. Div. of Admin., Office of Facility Planning and Control*, 2018-0434 (La.App. 1 Cir. 10/17/18), 264 So.3d 503. One judge dissented, finding the State did not have authority to take an action which was inconsistent with the Public Bid Law.

Upon Southern Delta's application, we granted certiorari to consider the correctness of the decisions of the lower courts. *LeBlanc Marine, L.L.C. v. Div. of Admin., Office of Facility Planning and Control*, 2019-0053 (La. 3/18/19), 267 So.3d 83.

## DISCUSSION

In *Broadmoor, L.L.C. v. Ernest N. Morial New Orleans Exhibition Hall Auth.*, 2004-0211, 2004-0212, p. 6 (La. 3/18/04), 867 So.2d 651, 656, we discussed the Public Bid Law and explained a public entity may not take any action inconsistent with this law:

> Louisiana's Public Bid Law, set forth in LSA–R.S. 38:2212 *et seq.*, is a prohibitory law founded on public policy. *La. Associated Gen. Contr., Inc.*, 586 So.2d at 1359; *Haughton Elevator Div. v. State Division of Administration*, 367 So.2d 1161 (La.1979). Pursuant to the Public Bid Law, the legislature has specifically prescribed the conditions upon which it will permit public work to be done on its behalf or on behalf of its political subdivisions. The statute was enacted in the interest of the taxpaying citizens and has for its purpose the protecting of them against contracts of public officials entered into because of favoritism and involving exorbitant and extortionate prices. *Id.* **A political entity has no authority to take any action which is inconsistent with the Public Bid Law**. *Id.* at 1362. [emphasis added].

Southern Delta contends the State's bidding instructions were inconsistent with the statutory mandate set forth in La. R.S. 38:2212(B)(5). Specifically, it points out the statute identifies three types of evidence that shall be acceptable to prove a

4

person's authority to sign the bid, while the bidding instructions incorporate only two of these methods.

In contrast, LeBlanc submits the lower courts correctly found the State was bound by the more restrictive provisions of its bid instructions. LeBlanc relies on La. R.S. 38:2212(B)(1), which mandates that "[t]he provisions and requirements of this Section **and those stated in the bidding documents** shall not be waived by any entity." [emphasis added].

We begin our analysis from the well-settled principle that legislation is the solemn expression of the legislative will; thus, the interpretation of legislation is primarily the search for the legislative intent. *Cat's Meow, Inc. v. City of New Orleans*, 1998-0601, p.15 (La. 10/20/98), 720 So.2d 1186, 1198. The starting point for interpretation of any statute is the language of the statute itself. *Id*. When a law is clear and unambiguous, and its application does not lead to absurd consequences, it shall be applied as written, with no further interpretation made in search of the legislative intent. La. R.S. 1:4. Further, a statute must be interpreted and applied in a manner consistent with logic and the presumed fair purpose and intention of the legislature in passing it. *MAW Enterprises, L.L.C. v. City of Marksville*, 2014-0090, p. 12 (La. 9/3/14), 149 So.3d 210, 218. It is presumed that the intention of the legislative branch is to achieve a consistent body of law. *Id*. Specific to the instant dispute is the language of La. R.S. 38:2212(B)(5). This statute contains three subparts which identify the types of evidence that shall be acceptable to prove a person's authority to sign the bid:

(5) Written evidence of the authority of the person signing the bid for public works shall be submitted at the time of bidding. **The authority of the signature of the person submitting the bid shall be deemed sufficient and acceptable if any of the following conditions are met**:

(a) The signature on the bid is that of any corporate officer listed on the most current annual report on file with the secretary of state, or the signature on the bid is that of any member of a partnership, limited liability company, limited liability partnership, or other legal entity listed in the most current business records on file with the secretary of state.

(b) The signature on the bid is that of an authorized representative as documented by the legal entity certifying the authority of the person.

(c) The legal entity has filed in the appropriate records of the secretary of state of this state, an affidavit, resolution, or other acknowledged or authentic document indicating the names of all parties authorized to submit bids for public contracts. Such document on file with the secretary of state shall remain in effect and shall be binding upon the principal until specifically rescinded and canceled from the records of the office. [emphasis added].

We find the language of this statute is clear and unambiguous. The statute provides that the authority of the person "shall" be deemed sufficient and acceptable "if any" of the three conditions of proving authority enumerated in the statute are satisfied. The word "shall" is mandatory. La. R.S. 1:3. Thus, the legislature plainly intended that any of the three methods were sufficient to establish a person's authority to bid.

Nonetheless, LeBlanc contends this reasoning conflicts with this court's interpretation of La. R.S. 38:2212(A)(1)(b) in *Broadmoor*, in which we explained "when a public entity elects to place certain requirements in its advertisements for bids and on its bid forms, that entity is bound by those requirements and may not choose to waive them at a later date." *Broadmoor*, 2004-0211, 2004-0212 at p. 8, 867 So.2d at 657; *Hamp's Const., L.L.C. v. City of New Orleans*, 2005-0489 (La. 2/22/06), 924 So.2d 104, 110. LeBlanc submits that the State, having elected to include only two of the three methods of proving a person's authority, may not now waive those specifications.

The case law has recognized that a public entity may "include requirements and instructions in advertisements and bid forms that may exceed what is required by

6

the Public Bid Law, as long as the statutory requirements are also met." *Phylway Const., LLC v. Terrebonne Par. Consol. Gov't*, 2013-1589 (La. App. 1 Cir. 9/5/14), 153 So. 3d 516, 521, *writ denied*, 2014-2677 (La. 3/13/15), 161 So.3d 642. However, the bidding instructions which conflict with, rather than merely exceed, the statutory requirements and procedures set forth in the Public Bid Law are not valid. *See Barriere Constr. Co., L.L.C. v. Parish of Tangipahoa*, 2018-0279 (La. App. 1 Cir. 9/24/18), 259 So.3d 458, 464.

In the case at bar, the State's bidding instructions clearly conflict with, rather than merely exceed, the mandatory provisions of La. R.S.38:2212(B)(5) by limiting proof of authority to only two of the three permissible procedures set forth in the statute. Under such circumstances, there is no subsequent waiver of the bid requirements; rather, the bidding instructions were always facially invalid and must yield to the mandatory statutory requirements promulgated by the legislature. Our decision today also rests upon a sound public policy foundation. Courts have recognized the Public Bid Law "severely curtails the discretion of the public entity, thereby ensuring a level playing field for all bidders and a fair and equitable means by which competing bids might be evaluated to determine the lowest responsible and responsive bidder." *Gilchrist Const. Co. LLC v. East Feliciana Par. Police Jury*, 2012-1307, p. 6 (La. App. 1 Cir. 7/11/13), 122 So.3d 35, 39. Through its enactment of La. R.S. 38:2212(B)(5), the legislature standardized three methods of proving a person's authority. To allow a "cafeteria style" approach whereby a public entity is allowed to pick and choose among these methods would only engender confusion among potential bidders. As aptly demonstrated by the facts of this case, any deviation of the bid specifications from these mandatory statutory requirements has the potential to impair one of the

primary goals of the Public Bid Law, namely, "securing free and unrestricted competition among bidders, thereby avoiding undue or excessive costs." *Apolinar v. Professional Construction Services*, 1995–0746, p. 4 (La.11/27/95), 663 So.2d 17, 18–19.

Accordingly, we find the district court erred in granting declaratory and injunctive relief in favor of LeBlanc based on a finding the State was bound by the more restrictive requirements set forth in its instructions to bidders. We hereby reverse the judgment of court of appeal which affirmed the judgment of the district court.

**DECREE**

For the reasons assigned, the judgment of the court of appeal is reversed, and the petition of LeBlanc Marine, L.L.C. is dismissed with prejudice.