Judgment rendered April 14, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,873-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

LATHAN CONSTRUCTION, LLC                    Plaintiff-Appellant

versus

WEBSTER PARISH SCHOOL                       Defendant-Appellees
BOARD AN INCORPORATED
BODY THROUGH JOHNNYE
KENNON; IN HER OFFICIAL
CAPACITY AS PRESIDENT; AND
JOHNNY ROWLAND, IN HIS
OFFICIAL CAPACITY AS
SUPERINTENDENT

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Webster, Louisiana
Trial Court No. 78016

Honorable Michael Nerren, Judge

* * * * *

SMITH & NWOKORIE                            Counsel for Appellant
By: Brian G. Smith


HAMMONS, SILLS, ADKINS,                     Counsel for Appellees
& GUICE, LLP
By: Charles F. Hardie, IV



* * * * *

Before STEPHENS, THOMPSON, and BLEICH (*Pro Tempore*), JJ.

**THOMPSON, J.**

A disqualified bidder for a public works project sought injunctive relief when its bid was determined to be nonresponsive because it lacked a license required in the bid documents for certain work to be performed. Injunctive relief was not sought until 37 days after notice of its bid being rejected, during which time the successful bidder had completed a significant portion of the project. The awarding public body sought a peremptory exception of prescription, asserting the untimely filing for injunctive relief by the disqualified bidder, which was granted by the district court. The unsuccessful bidder now appeals that judgment. Finding under the specific facts presented that the petition filed by the unsuccessful bidder was not timely, as contemplated by the statute, we affirm.

### FACTS & PROCEDURAL HISTORY

On May 9, 2019, the Webster Parish School Board ("School Board") opened bids for a public works project entitled "Phase I-Webster Parish Achievement Center Asbestos Abatement/Demolition, Phase II-Minden High School Former Natatorium Building-Demolition" (the "Project"). The advertisement for bids submitted by the School Board provided that "[b]ids shall be accepted from contractors who are licensed under La. R.S. 37:2150-2192. Asbestos Abatement shall be completed by a licensed Asbestos Abatement Contractor with the appropriate classification and licensing for asbestos removal by the State of Louisiana."

Three companies submitted bids on the Project, and Lathan Construction ("Lathan") submitted the lowest bid of $178,000. The next lowest bid was submitted by Gill Industries, ("Gill"), Ltd. in the amount of

$208,000. On June 3, 2019, the School Board rejected Lathan's bid as nonresponsive because Latham did not possess the required asbestos abatement license and awarded the contract instead to Gill. On June 4, 2019, the School Board notified Lathan that its bid had been rejected. On June 10, 2019, Lathan submitted a letter to the School Board, objecting to the rejection of its bid and requesting a hearing. On June 14, 2019, the School Board's counsel wrote a letter to Lathan, detailing the reasons for the rejection of the bid and explaining that no hearing was required because Lathan was rejected as a nonresponsive bidder.

On July 1, 2019, the School Board and Gill executed the contract on the Project. On July 11, 2019, 37 days after notice of its rejected bid, Lathan filed its petition with the trial court, seeking: (1) injunctive relief to prevent the award of a public works contract to Gill; (2) declaratory relief to name Lathan as the lowest bidder; and (3) a writ of mandamus ordering the School Board to issue the contract to Lathan. By the time Lathan filed the petition, Gill had completed Phase I of the Project and had begun Phase II. The petition did not include an order to set a hearing in the matter.

On August 5, 2019, the School Board filed a dilatory exception of improper service of process and improper use of summary proceedings, a peremptory exception of prescription, or alternatively, a motion for summary judgment. The School Board's exceptions included an order to set the matter for hearing. The hearing was ultimately held on February 18, 2020, after three requests for a continuance made by Lathan were granted. By the date of the hearing, the work on the Project had been fully completed.

After the hearing, the trial court held that Lathan's bid was nonresponsive to the bid documents because Lathan did not carry the required asbestos abatement license, and thus, Lathan was not entitled to the award of the contract. The court further stated that, even in the event the bid was compliant, Lathan's claim was untimely because Lathan failed to seek injunctive relief until "approximately 37 days subsequent to having actual notice of the rejection of the bid and 10 days after the execution of the contract with Gill." The trial court's judgment was signed on August 5, 2020, and Lathan's claims were dismissed. This appeal followed.

## STANDARD OF REVIEW

At a hearing on a peremptory exception of prescription pleaded prior to trial, evidence may be introduced to support or controvert the exception. La. C.C.P. art. 931. If evidence is introduced at the hearing on the peremptory exception of prescription, the district court's findings of fact are reviewed under the manifest error standard of review. *Stobart v. State, Through DOTD*, 617 So. 2d 880, 882 (La. 1993). In the absence of evidence, an exception of prescription must be decided on the facts alleged in the petition, with all of the allegations accepted as true. *Cichirillo v. Avondale Indus., Inc.*, 04-2894 (La. 11/29/05), 917 So. 2d 424, 428.

## DISCUSSION

Latham asserts one assignment of error, namely:

**Assignment of Error: The trial court erred in granting Appellee's Exception of Prescription.**

This case is governed by the provisions of the Louisiana Public Bid Law, La. R.S. 38:2211, *et seq.* Louisiana's Public Bid Law is a prohibitory law founded on public policy. *Broadmoor, LLC v. Ernest N. Morial New*

*Orleans Exhibition Hall Auth.*, 04-0211 (La. 3/18/04), 867 So. 2d 651, 656. The legislature has specifically prescribed the conditions upon which it will permit public work to be done on its behalf or on behalf of its political subdivisions, and the statute was enacted in the interest of the taxpaying citizens to protect them against contracts of public officials entered into because of favoritism and involving exorbitant and extortionate prices. *Id.* A political entity has no authority to take any action which is inconsistent with the Public Bid Law. *Id.*

La. R.S. 38:2220 provides an opportunity for an aggrieved bidder to file suit for violations of the public bid laws.[1] To be entitled to the rights and privileges afforded in the Public Bid Law, there must be a qualifying bid submitted. Nonresponsive bidders are not permitted to seek enforcement of Public Bid Law, as they have failed to meet the threshold requirement of submitting a responsive bid. Those seeking to enforce the rights and protections of the Public Bid Law must act in a timely manner. It is the timeliness of the actions of Lathan that are at issue in this matter.

---

[1] La. R.S. 38:2220 states:

A. Any purchase of materials or supplies, or any contract entered into for the construction of public works, contrary to the provisions of this Part shall be null and void.

B. The district attorney in whose district a violation of this Part occurs, the attorney general, or any interested party may bring suit in the district court through summary proceeding to enjoin the award of a contract or to seek other appropriate injunctive relief to prevent the award of a contract which would be in violation of this Part, or through ordinary proceeding to seek appropriate remedy to nullify a contract entered into in violation of this Part.

C. Where a judgment of nullity is rendered in any action brought by a district attorney or by the attorney general pursuant to Subsection B of this Section the district court may award a civil penalty not in excess of fifty thousand dollars against each offending member of the governing authority of the public entity who authorized the violation.

The seminal case on the timeliness of actions brought pursuant to La. R.S. 38:2220 is *Airline Constr. Co., Inc. v. Ascension Parish Sch. Bd.*, 568 So. 2d 1029 (La. 1990). The Louisiana Supreme Court held that "an unsuccessful bidder on a public contract who wishes to obtain relief because of the rejection of its bid must seek injunctive relief at a time when the grounds for attacking the wrongful award of the contract were known or knowable to the bidder and when corrective action as a practical matter could be taken by the public body." *Id.* at 1035. "If an aggrieved bidder does not timely file a suit for injunction, he has waived any right he may have to claim damages against the public body or the successful bidder." *Id.* The court found that "[a]n unsuccessful bidder should not be allowed to sit on its knowledge of the violation and claim damages after the public body can no longer as a practical matter correct any errors in letting the contract." *Id.* at 1034-35. Specifically, regarding the timeliness of actions, the court stated:

> The timeliness of a suit for injunction depends on the facts and circumstances of the particular case, including, among other things, the knowledge possessed by the attacking bidder concerning the wrongful award of the contract, the point in time the bidder acquired this knowledge, the point in time the public body became indebted to the successful bidder, and the time period between the awarding of the illegal contract and the completion of construction.

*Id.* at 1035.

Relying on the Louisiana Supreme Court's holding in *Airline*, the court in *Ramelli Group LLC v. City of New Orleans*, 08-0354 (La. App. 4 Cir. 10/22/08), 997 So. 2d 612, *writ denied*, 08-2773 (La. 2/6/09), 999 So. 2d 779, affirmed the trial court's grant of an exception of prescription in favor of the public body, where the aggrieved bidder was untimely in filing

5

suit. The *Ramelli* court rejected the bidder's argument that its suit was not untimely because the legislature did not establish an explicit prescriptive period for actions brought under La. R.S. 38:2220. *Id.* at 619-20. Louisiana courts have found both the exception of no cause of action and the exception of prescription appropriate peremptory exceptions to determine the timeliness of an aggrieved bidder's suit under La. R.S. 38:2220. *See Airline Constr. Co., Inc., supra*; *Ramelli, supra*; *Gilchrist Constr. Co., LLC v. East Feliciana Parish Police Jury*, 12-1307 (La. App. 1 Cir. 7/11/13), 122 So. 3d 35; *Executone Sys. Co. of La., Inc. v. Jefferson Parish Hosp. Serv. Dist. No. 2*, 15-569 (La. App. 5 Cir. 2/14/16), 186 So. 3d 1210, *writ denied*, 16-0569 (La. 5/13/16), 191 So. 3d 1059.

Pursuant to this jurisprudence, the trial court granted the School Board's exception of prescription, finding Lathan's petition to be untimely and its bid to be nonresponsive. Lathan argues that the trial court erred in finding that its petition was untimely. Lathan contends that it had the lowest bid on the project, that it was entitled to a hearing by the School Board, and that it filed the petition in a timely manner, especially considering that La. R.S. 38:2220 does not include a specific prescriptive period.

It is undisputed that on June 4, 2019, Lathan was informed that its bid was rejected. Lathan responded on June 10, 2019, by requesting a hearing. On June 14, 2019, detailed correspondence was sent from the School Board to Lathan, describing how its bid was rejected as nonresponsive because it did not hold the proper license to complete the work. Lathan did not file its lawsuit until July 11, 2019, ten days after the bid contract was signed by the School Board and Gill and 37 days after it received notice of its disqualified

bid.  Lathan has not provided good cause as to why it failed to file suit for injunctive relief immediately after finding out that its bid had been rejected as nonresponsive or when it was advised Gill had been awarded the contract. By the time Lathan filed suit, work on the Project had already begun and Phase 1 of the Project had been completed.  By the time the hearing was heard by the trial court, after repeated motions to continue by Latham, the Project had been completed in its entirety.  As provided by the Louisiana Supreme Court in *Airline Constr. Co., Inc.*, *supra*, timeliness considerations are fact specific.  We find no error in the trial court's determination that Lathan was untimely in seeking injunctive relief.

***Lathan Not Entitled to Hearing Under Public Bid Law***

Lathan argues that it was entitled to injunctive relief and damages because it was denied the hearing it requested, which was a violation of its due process rights.  When a public entity uses public funds to purchase materials or supplies in a manner that is contrary to the provisions of the Public Bid Law, the contract is null and void.  La. R.S. 38:2220(A); *see Louisiana Associated Gen. Contractors, Inc. v. Calcasieu Parish Sch. Bd.*, 586 So. 2d 1354, 1362 (La. 1991).  The failure to award the contract to the lowest responsive and responsible bidder is a violation of the Public Bid Law.  *Ray Anding Const., Inc. v. Monroe City Sch. Bd.*, 38,228 (La. App. 2 Cir. 3/5/04), 867 So. 2d 1005, 1007.  A public entity is required to award a public contract to the lowest "responsible" bidder, but this does not mean that the public entity is required to accept the lowest monetary bid. *Louisiana Associated Gen. Contractors, Inc.*, *supra*.

7

A bidder's right to due process hinges on whether the bidder has a vested property interest in the contract, and a nonresponsive bidder has no such property right. Procedural due process is required only when a bidder acquires an actual property right to the contract. *Haughton Elevator Div. v. State, Through Div. of Admin.*, 367 So. 2d 1161 (La. 1979). A nonresponsive bidder does not have a protected interest in being awarded the contract and is not entitled to a hearing. *Sys. Plus, Inc. v. East Jefferson Gen. Hosp.*, 94-83 (La. App. 5 Cir. 5/31/94), 638 So. 2d 404; *Triad Res. & Sys. Holdings, Inc. v. Parish of Lafourche*, 577 So. 2d 86 (La. App. 1 Cir. 1990), *writ denied*, 578 So. 2d 914 (La. 1991).

The trial court determined that Lathan was a nonresponsive bidder because it did not have the appropriate asbestos abatement license required by the bidding documents. Lathan has not challenged the trial court's finding that it was nonresponsive. As described above, a nonresponsive bidder does not have a protected interest in the contract. As such, Lathan's argument that it had a due process right to a hearing is without merit.

**CONCLUSION**

Considering the foregoing, the judgment granting the School Board's exception of prescription is affirmed.

**AFFIRMED.**