# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 2, 2013

No. 13-30177

Lyle W. Cayce
Clerk

DESMOND F. COOK,

Plaintiff-Appellant

v.

SERGEANT UNKNOWN LAMONT; LIEUTENANT UNKNOWN HARRIS; DEPUTY UNKNOWN MALVEAUX; DEPUTY UNKNOWN GLASPER; DEPUTY UNKNOWN WILLIAMS; NURSE JANE DOE; WARDEN D. GRIMES; SHERIFF S. GATREAUX,

Defendants-Appellees

Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CV-358

Before OWEN, ELROD and HAYNES, Circuit Judges

PER CURIAM:[*]

Desmond F. Cook, Louisiana prisoner # 367617, moves this court for authorization to proceed in forma pauperis (IFP) in an appeal of the district court's order granting summary judgment to Wade Lamotte, Leonard Harris, Johnathan Malveaux, Alfred Glasper, Don Williams, and Dennis Grimes, and dismissing Cook's 42 U.S.C. § 1983 complaint as barred by the period of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

limitations. Additionally, he seeks appointment of counsel. He does not challenge the district court's earlier dismissal of his complaint against Sid Gautreaux and Jane Doe for failure to serve. In his § 1983 complaint, Cook alleged that prison officials had violated his constitutional rights by using excessive force against him and then by exhibiting deliberate indifference to his serious medical needs arising from the use of force.

By moving to proceed IFP, Cook is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3). He contends that his state court petition for judicial review filed in April 2010 raised the same claims as his May 2011 federal complaint, but, unsupported by analysis or citation, the contention alone is insufficient to challenge the district court's detailed conclusions regarding that petition. *See Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). Further, Cook's assertion that the district court's judgment violated his civil rights, made without argument or citation to the record, constitutes an abandonment of that issue. *See Brinkmann v. Dallas County Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1983).

To the extent Cook contends that he has a right to proceed IFP on appeal, whatever the legal merit of his claims, he is mistaken, as section 1915(a)(3) specifically gives the district court discretion to determine whether an appeal is taken in good faith and the appellant is thus permitted to proceed IFP. *See Baugh*, 117 F.3d at 200. Similarly, to the extent he challenges the district court's decision not to exercise supplemental jurisdiction over his state law claims, 28 U.S.C. § 13679c)(3) permits a court to decline to exercise supplemental jurisdiction over such claims when, inter alia, the court dismisses

all claims over which it had original jurisdiction. *See Rhyne v. Henderson Cnty.*, 973 F.2d 386, 395 (5th Cir. 1992).

Cook has failed to show that his appeal involves "legal points arguable on their merits." *Howard*, 707 F.2d at 220 (internal quotation marks and citations omitted). His IFP motion is denied and his appeal dismissed. *See Baugh*, 117 F.3d at 202 & n.24. His request for appointment of counsel is denied as well. *See Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir. 1991).

This court's dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). Cook is cautioned that, if he accumulates three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTIONS DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.