# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30076

United States Court of Appeals
Fifth Circuit

**FILED**

October 7, 2015

Lyle W. Cayce
Clerk

DEMOND F. COOK,

Plaintiff-Appellant

v.

WADE T. LAMOTTE, Sergeant, All Defendants are sued in their official and individual capacities and their official and individual insurers.; LEONARD HARRIS, Lieutenant, All Defendants are sued in their official and individual capacities and their official and individual insurers; ALFRED GLASPER, Deputy, All Defendants are sued in their official and individual capacities and their official and individual insurers; JOHNATHAN MALVEAUX, Deputy, All Defendants are sued in their official and individual capacities and their official and individual insurers; DON WILLIAMS, Deputy, All Defendants are sued in their official and individual capacities and their official and individual insurers; WARDEN DENNIS GRIMES, Warden, All Defendants are sued in their official and individual capacities and their official and individual insurers,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CV-428

Before JONES, SMITH, and HAYNES, Circuit Judges.

No. 15-30076

PER CURIAM:*

Demond F. Cook, Louisiana prisoner # 367617, moves to proceed in forma pauperis (IFP) in his appeal of the district court's dismissal of his 42 U.S.C. § 1983 complaint. In the complaint, Cook alleged that Wade Lamotte, Leonard Harris, Johnathan Malveaux, Alfred Glasper, Don Williams, and Dennis Grimes violated his constitutional rights by using excessive force against him and then by exhibiting deliberate indifference to his serious medical needs arising from the use of force.

By moving to proceed IFP, Cook is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3). Cook contends that the district court erred in dismissing his § 1983 complaint as frivolous and malicious because it duplicated claims raised in two prior § 1983 complaints about the same incidents and against the same defendants. Because, as he admits, Cook seeks to relitigate for a third time the claims raised in his two prior § 1983 complaints, Cook's appeal fails to involve a legal point arguable on its merits. *See* § 1915(e); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).

The dismissal of this appeal as frivolous counts as a strike under § 1915(g), as does the district court's dismissal as frivolous and malicious. *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Cook also has one prior strike. *See Cook v. Lamotte*, 537 F. App'x 568, 569 (5th Cir. 2013). Accordingly, Cook has accumulated three strikes and is now barred from proceeding IFP in any civil action or appeal filed while he is incarcerated

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

No. 15-30076

or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) BAR IMPOSED.