GUIDRY, J.
*1176 Plaintiff, Demond F. Cook, appeals from a trial court judgment dismissing his petition for tort action against defendants, Sargent Wade Lamotte, Lieutenant Leonard Harris, Deputy Johnathan Malveaux, Deputy Alfred Glasper and Warden Dennis Grimes, with prejudice. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
On November 30, 2009, Cook, while an inmate in East Baton Rouge Parish Prison, filed a grievance asserting that on November 28, 2009, Sgt. Lamotte tased him with a taser gun. In a January 3, 2010 response to Cook's grievance, the prison determined that the grievance was unfounded. Cook subsequently filed a petition for judicial review of the prison's response in the Nineteenth Judicial District Court (19th JDC) on April 10, 2010. However, in addition to seeking review of the prison's response to his grievance, he also sought relief in the amount of $250,000 for the injury, $100,000 for mental anguish, and requested that Sgt. Lamotte be charged with attempted murder for attempting to end his life.)
Thereafter, on May 31, 2011, Cook filed a federal civil rights complaint in the U.S. District Court, Middle District of Louisiana, against the same parties asserting that his state court action was dismissed without prejudice on April 13, 2011, allowing him to file his suit "in the proper format and desired court." Cook sought monetary damages and requested criminal charges against Sgt. Lamotte for second degree attempted murder and/or termination from his job. Following a hearing on cross motions for summary judgment, the federal district court granted the defendants' motion for summary judgment, finding that Cook's federal claims were time barred by the applicable statute of limitations. The federal district court further declined to exercise supplemental jurisdiction over Cook's state law claims. See Cook v. Lamont, No. 11-00358, 2013 WL 325557 (M.D. La. Jan. 28, 2013).[1]
On September 5, 2013, Cook filed a petition for tort action, alleging that on November 28, 2009, Sgt. Lamotte maliciously tased him without provocation while Lt. Harris, Deputy Malveaux, Deputy Glasper, and Deputy Don Williams stood and watched the assault and failed to intervene or restrain a non-violent inmate. Cook sought punitive damages for the defendants' criminal conduct as well as damages for deliberate indifference and mental anguish. Cook subsequently requested service on the defendants on September 6, 2016.
The defendants responded by filing an exception raising the objection of prescription on February 8, 2017, asserting that *1177 Cook's delictual action is subject to a one-year prescriptive period, and the action, filed over three years following the alleged date of injury, is prescribed. Defendants further asserted that Cook is unable to establish that the prescriptive period was interrupted by his filing of a 2010 petition for judicial review in the 19th JDC.
Following a hearing on the defendants' exception, the trial court signed a judgment sustaining the defendants' exception and dismissing Cook's claim with prejudice. Cook now appeals from the trial court's judgment.[2]
DISCUSSION
A party urging an exception raising the objection of prescription has the burden of proving facts sufficient to support the exception. Cichirillo v. Avondale Industries, Inc., 04-2894, 04-2918, p. 5 (La. 11/29/05), 917 So.2d 424, 428. However, when the face of the plaintiff's petition shows that the prescriptive period has run, the burden shifts to the plaintiff to demonstrate that prescription was suspended or interrupted. In re Medical Review Panel for Claim of Moses, 00-2643, p. 6 (La. 5/25/01), 788 So.2d 1173, 1177.
Although evidence may be introduced to support or controvert any objection pleaded, in the absence of evidence, an objection of prescription must be decided upon the facts alleged in the petition, with all allegations accepted as true. La. C.C.P. art. 931 ; Cichirillo, 04-2894 at p. 5, 917 So.2d at 428. When there is no dispute regarding material facts, only the determination of a legal issue, a reviewing court must apply the de novo standard of review, under which the trial court's legal conclusions are not entitled to any deference. Shannon v. Vannoy, 17-1722, p. 9 (La. App. 1st Cir. 6/1/18), 251 So.3d 442, 449.
In the instant case, Cook filed his petition for tort action on September 5, 2013, based upon actions and alleged injuries occurring on November 28, 2009. Therefore, the action is clearly prescribed on its face, and the burden shifted to Cook to demonstrate that prescription had been suspended or interrupted. Cook asserted that his petition for tort action was not prescribed because his filing of a April 10, 2010 petition for judicial review, wherein he also sought monetary damages, interrupted prescription.
All prisoner complaints and grievances, including traditional tort claims seeking monetary relief, are subject to administrative procedures. See La. R.S. 15:1172. Louisiana Revised Statute 15:1172(E) provides that liberative prescription for any delictual action for injury or damages arising out of claims asserted by a prisoner in a complaint or grievance in an administrative remedy procedure (ARP) shall be suspended upon the filing of the complaint or grievance and shall continue to be suspended until the final agency decision is delivered. Thereafter, a party aggrieved by an agency decision may file a petition for judicial review in accordance with La. R.S. 15:1177. However, La. R.S. 15:1177(C)provides, in pertinent part:
This Section shall not apply to delictual actions for injury or damages, however styled or captioned. Delictual actions for injury or damages shall be filed separately as original civil actions.
*1178 After receiving a response from the prison determining that his grievance was unfounded on January 3, 2010, Cook filed a petition for judicial review of the prison's decision in the 19th JDC on April 10, 2010, which was within the one-year prescriptive period. However, the judicial review procedure does not apply to delictual actions for injury or damages, as tort claims must be filed separately as original civil actions. See La. R.S. 15:1177(C) ; Garrison v. State ex rel. Department of Corrections, 10-1570, p. 2 (La. App. 1st Cir. 3/25/11) (unpublished opinion). Therefore, the April 10, 2010 filing of a petition for judicial review did not properly assert or preserve Cook's tort claims and as such, it did not interrupt prescription as to those claims. Accordingly, Cook's September 5, 2013 petition for tort action is prescribed.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are assessed to Demond F. Cook.
AFFIRMED.
Crain, J. concurs

Cook appealed this decision to the United States Court of Appeal, Fifth Circuit, but his appeal was dismissed. See Cook v. Lamont, 537 Fed. Appx. 568 (5th Cir. 2013).

Cook raises several assignments of error relating to the merits of his action. However, the only issue before the trial court, and therefore, before this court on appeal, is whether Cook's action for damages is prescribed. Accordingly, our opinion is limited to consideration of this issue.